## (May 20, 1963)

■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and WILLIAM MALONE, Respondent. — In a proceeding to stay arbitration, the petitioner, Motor Vehicle Accident Indemnification Corporation, appeals from an order of the Supreme Court, Suffolk County, dated September 14, 1962, which denied the application. Order affirmed, with $10 costs and disbursements. On December 9, 1960, the respondent, William Malone, allegedly sustained personal injuries when the automobile

which he was driving, and which was owned by his wife, was involved in an accident with a vehicle owned and operated by one Carl L. Hovermale. At the time of the accident, Hovermale, a resident of West Virginia, but temporarily employed in New York, was insured by Crown Insurance Company of West Virginia. After the accident, Crown Insurance Company voided the policy as of its effective date and disclaimed any liability, apparently on the ground that Hovermale had been working and living in New York at the time he applied for the policy. Thereafter, respondent demanded arbitration under the standard New York Automobile Accident Indemnification Endorsement contained in the liability insurance policy issued to his wife. Petitioner seeks to stay the arbitration on the ground that before respondent is entitled to proceed with the arbitration, a preliminary judicial determination of the validity of the disclaimer must be made. Respondent's rights as an injured party are derived from the New York Automobile Accident Indemnification Endorsement included in the policy issued to his wife. Although the copy of such indorsement submitted to us on this appeal contains no specific reference to a disclaimer, the indorsement is deemed as a matter of law to include protection for an insured "where the insurer disclaims liability or denies coverage" (Insurance Law, § 167, subd. 2-a; *Matter of Motor Vehicle Acc. Indemnification Corp. [Holley]*, 33 Misc 2d 567; *Matter of Motor Vehicle Acc. Indemnification Corp. [Mossman]*, 32 Misc 2d 1052). We agree that, where the fact of disclaimer is in dispute, arbitration should be stayed pending an adjudication of that fact by a court of competent jurisdiction after hearing (cf. *Matter of Rosenbaum [Amer. Sur. Co. of N. Y.]*, 11 N Y 2d 310; *Matter of Motor Vehicle Acc. Indemnification Corp. [Brown]*, 15 A D 2d 578). But no such dispute is here presented. The petitioner here concedes and "it is conclusively established by the record that the insurer of the automobile in question did disclaim its liability" (*Matter of Motor Vehicle Acc. Indemnification Corp. [Lucash]*, 16 A D 2d 975). Since there is no requirement in the statute (Insurance Law, § 167, subd. 2-a; § 600, subd. [2]) that the disclaimer be a valid one, we reject petitioner's contention that, as a condition precedent to arbitration, the insured must first obtain a judicial determination of the right of the insurer of the motorist allegedly responsible for the accident to disclaim liability (*Matter of Motor Vehicle Acc. Indemnification Corp. [Turk]*, 33 Misc 2d 597). Accordingly, arbitration should proceed on the two arbitrable issues involved, namely: the issue of negligence of the allegedly responsible motorist and the resulting question of damages (*Matter of Motor Vehicle Acc. Indemnification Corp. [Lucash]*, *supra*). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.