OPINION OF THE COURT
Oliver C. Sutton, J.
On May 2, 1971 at or about 10:15 p.m. Francis Gleen Spinella was operating a motor vehicle registered in the name of Diane Markey. On that date and at that time an infant, Katherine Rajotte, a passenger in the said automobile was injured when her scarf went into an opening in the floor of the vehicle and caught in the drive shaft pulling her down to the floor.
*275 It appears that all persons having any claim arising out of the said incident are parties to this action and the various insurance companies named herein are involved in the proceedings as follows: Nationwide Mutual Insurance Company issued an automobile insurance policy to Phillip Rajotte, father and natural guardian of the injured infant. Allstate Insurance Company issued a policy to the registered owner of the offending vehicle, Diane Markey, said vehicle being a 1964 Triumph bearing license plate number HV 4947. Liberty Mutual Insurance Company issued a policy to Andrew Water-son, in whose household Francis Spinella, operator of the offending vehicle, resided and was a member thereof.
Allstate disclaimed liability under the policy which had been issued to Diane Markey on two grounds: (1) that Ms. Markey had sold the vehicle which that insurance covered prior to the date of the accident and that coverage had ceased as of the time of the sale, and (2) that the policy of insurance which had been issued to Diane Markey was effectively canceled for nonpayment of premium and that said cancellation became effective prior to the time of the accident.
The injured Katherine Rajotte made claim against plaintiff Nationwide Insurance Company for benefits under the "Uninsured Motorist” provision of the insurance policy which plaintiff issued to her father, Phillip Rajotte.
This action for a declaratory judgment was brought by the plaintiff seeking a determination that plaintiff is not obligated to arbitrate or to make any payments to the defendant herein or to pay any judgment which might be rendered against any of them and further declaring the rights, duties and obligations of the defendants herein under the other policies of insurance.
On February 18, 1976 trial was begun before this court and evidence adduced both as to the ownership of the 1964 Triumph at the time of the accident and Allstate’s alleged cancellation of the said policy. Thereafter, upon request of Allstate’s counsel and consent of other counsel, the court reserved decision pending submission of briefs, all of which have now been received and reviewed by the court.
Evidence adduced at trial established that on May 2, 1971 there was filed with the Commissioner of Motor Vehicles in Albany, New York, an FS-1 indicating that Diane Markey was the registered owner of the vehicle being operated by Francis *276 Spinella at the time of the accident and that Allstate insured the said automobile.
For the purpose of establishing the ownership of the offending vehicle at the time the accident occurred, testimony was read into the record from depositions made by Diane Markey and Francis Spinella during examinations before trial. The testimony of both parties was substantially as follows: At some time during the month of April, 1971, Francis Spinella met with Diane Markey to discuss purchasing the 1964 Triumph which she owned. A purchase price of $350 was agreed upon and Mr. Spinella gave Ms. Markey $300, returning on April 27, 1971 bringing the remaining $50 which she accepted. Upon receipt of the total amount of money asked, Ms. Markey did not give Mr. Spinella a bill of sale, nor did she give him her indorsed certificate of registration indicating that the automobile had been sold. However, she excused her failure to produce the certificate of registration by explaining that it was in the possession of a friend who was not available at the time but would return in a few days. Ms. Markey agreed and promised to deliver the certificate to Mr. Spinella as soon as it was returned to her.
From this point the testimony of the two parties was slightly at variance as follows: Diane Markey alleges that she agreed to permit Mr. Spinella to take possession of the automobile with her license plates thereon but informed him that her insurance was either canceled or about to be canceled and instructed him not to take the vehicle out but just drive it home and leave it there.
Mr. Spinella testifed that he asked permission to use the car and license plates until he obtained Markey’s registration stub and that such permission was granted with no restrictions.
The testimony of Diane Markey and Francis Spinella establishes (1) that they had come to an agreement on the purchase and sale of the 1964 Triumph, (2) that Markey intended to sell and Spinella intended to purchase the vehicle, and (3) they considered the sale consummated when Markey accepted the final payment from Spinella and he took possession of the vehicle.
It is equally well established, however, that at the time of the purported sale (1) Markey did not sign and deliver to Spinella the transfer stub on the State registration certificate of the insured automobile, (2) Markey did not give Spinella a bill of sale for the automobile, (3) Markey intentionally did *277 not remove her plate from the automobile as required by section 420 of the Vehicle and Traffic Law, and (4) Markey intentionally consented to Spinella’s use and operation of the vehicle bearing her license plate.
The question of ownership presented by the facts stated above has been perplexing solely because a motor vehicle is the subject matter of the alleged sale. But after due deliberation and consideration of the rights of the parties herein as well as the public policy of the State of New York and the intent of the Legislature as expressed in various sections of the Vehicle and Traffic Law, the court has reached the conclusion that a sale of the vehicle was not effectuated for the reasons hereinafter stated.
To hold that a sale was consummated by the mere surrender of possession of a motor vehicle, where no transfer stub was signed and delivered to the alleged purchaser and no bill of sale was given, cannot be reconciled with the general scheme of article 6 and article 14 of the Vehicle and Traffic Law. The purpose of article 6, Motor Vehicle Financial Security Act, is to assure, so far as possible, that there will be no certificate of registration outstanding without concurrent and continuous liability insurance. And, the provisions of article 14 exclusively control the registration of vehicles by owners. A person not in possession of some indicia of ownership could neither register the vehicle nor secure the necessary insurance which is a condition precedent thereto. Under these circumstances and in the light of the intervening public interest, I am constrained to hold that a sale did not take place.
We turn now to the question of Allstate’s alleged cancellation of the insurance policy it issued to Diane Markey. In rebuttal of the evidence which showed the filing of an FS-1 indicating that Allstate insured Markey’s vehicle, evidence was adduced that Allstate had mailed to Diane Markey a timely notice of cancellation. However, a copy of the purported notice of cancellation which Allstate claims it sent to Diane Markey was introduced into evidence at trial. Inspection of the said purported notice of cancellation revealed, among other things, that the notice did not contain a statement that proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security requires revocation of the registration of the motor vehicle, *278 unless the registration certificate and number plates of such vehicle have been surrendered to the commissioner prior to the time at which such termination becomes effective. Counsel for Allstate conceded that no such statement appeared upon the notice of cancellation.
Section 313 of the Vehicle and Traffic Law provides in pertinent part that: "No contract of insurance or renewal thereof for which a certificate of insurance has been filed with the commissioner shall be terminated by cancellation by the insurer * * * until at least twenty days after mailing to the named insured * * * a notice of termination, except where the cancellation is for non-payment of premium in which case ten days notice of cancellation by the insurer shall be sufficient * * *. Every such notice of termination for any such cause whatsoever sent to the insured shall include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security requires revocation of the registration of the motor vehicle, unless the registration certificate and number plates of such vehicle have been surrendered to the commissioner prior to the time at which the termination becomes effective.”
The court regards it as settled law that the statutory method of terminating coverage on notice is the sole and exclusive method by which automobile insurance coverage, for which a certificate of insurance has been filed with the commissioner, can be canceled. (Capra v Lumbermen’s Mut. Cas. Co., 31 NY2d 760; Teeter v Allstate Ins. Co., 9 AD2d 176.) Cancellation notices must contain all information required by statute and failure to include the mandated information renders such notice fatally defective. (See Government Employees Ins. Co. v Mizell, 36 AD2d 452.)
Allstate’s failure to comply strictly and literally with the statutory provision rendered its attempted cancellation legally invalid; therefore, the insurance policy which Allstate issued to Diane Markey for her motor vehicle continued in force on the date and at the time of the accident. Thus, the 1964 Triumph was not an "uninsured automobile” within the meaning of the New York automobile accident indemnification indorsement.
In view of the above, it is the judgment of this court that Allstate is obligated to defend any action brought by the *279 injured infant Katherine Rajotte or her guardian Phillip Rajotte against Diane Markey or Francis Spinella because of the accident which allegedly occurred on May 2, 1971.
It is the further judgment of this court that the plaintiff herein, Nationwide Mutual Insurance Company, be and hereby is relieved of any liability in regard to the said accident under the automobile policy which it issued to Phillip Rajotte, father of the injured infant, and the Liberty Mutual Insurance Company be and hereby is relieved from any liability in regard to the said accident under the automobile policy which it issued to Andrew Waterson.