OPINION OF THE COURT
Meyer, J.
A notice of cancellation of an automobile liability policy which contains the statements set forth in section 34.6 of the regulations issued by the Commissioner of Motor Vehicles (15 NYCRR 34.6) but does not advise the policyholder that his or her insurance is required to be maintained continuously throughout the registration period as required by Vehicle and Traffic Law § 313 (1) (a) is ineffective. The order of the Appellate Division should, therefore, be affirmed, with costs.
I
On August 12, 1983, a vehicle owned by defendant Janet Kavanaugh and operated by defendant Carol Kavanaugh collided with a vehicle owned and operated by plaintiff Barile, resulting in property damage and personal injury. The Kavanaugh vehicle had been insured by State Farm Fire and Casualty Company, but on July 22, 1983 State Farm had sent a notice of cancellation, effective August 7, 1983, to Janet Kavanaugh. The Barile vehicle was insured by Nationwide Insurance Company, which reimbursed plaintiff Barile for property damage and first-party benefits. State Farm having disclaimed liability and denied coverage of the Kavanaugh vehicle on the date of the accident, the present action was begun by plaintiffs Barile and Nationwide against State Farm and the Kavanaughs.
State Farm’s cancellation notice bore on its face in large boldface type the legend "see important notice on reverse side”, and on the back set forth a lead sentence reading, "The State of New York requires the following notice” and then reprinted verbatim the two paragraphs provided for in regulations of the Commissioner of Motor Vehicles (15 NYCRR 34.6 *395 [a], [b]).[1] The first cause of action of plaintiffs’ complaint sought recovery from the individual defendants of the sums paid and thereafter to be paid by Nationwide to the individual plaintiff. The second cause of action sought judgment declaring the cancellation notice ineffective and State Farm therefore obligated to defend and indemnify the Kavanaughs and to pay to Nationwide the property damage paid by it to plaintiff Barile. State Farm’s answer alleged as an affirmative defense that its cancellation was effective prior to the date of the accident and its denial of coverage therefore proper. Plaintiffs moved for summary judgment on the second cause of action dismissing the affirmative defense and declaring State Farm obligated to defend and indemnify, and State Farm cross-moved for summary judgment dismissing the complaint as to it.
For reasons not revealed by the record, Special Term granted plaintiffs’ motion and denied State Farm’s cross motion. The order and judgment it entered struck the affirmative defense, adjudged the cancellation notice ineffective and State Farm’s policy in effect on the date of the accident, and declared State Farm obligated to defend and indemnify the individual defendants.[2] On defendant’s appeal to the Appellate Division it argued that the notice was sufficient because it *396 complied with section 34.6 of the Commissioner’s regulations. Plaintiffs’ position was that the notice was invalid because it referred to "insurance” rather than "proof of financial security” as required by Vehicle and Traffic Law § 313 (1) (a). The Appellate Division majority held that the fact that the regulation permitted a notice that did not comply with the statute was of no consequence, that strict compliance with the statute was required, and that the notice did not comply with the statute because "it omitted the required statement that 'proof of financial security is required to be maintained continuously throughout the registration period and a notice prescribed by the commissioner indicating the punitive effects of failure to maintain continuous proof of financial security and actions which may be taken by the insured to avoid such punitive effects.’ ” The dissenter’s position was that the statute simply paraphrases what is required, that the regulation’s reference to "insurance” rather than "proof of financial security” was not out of harmony with the statute and that the notice was, therefore, sufficient. The appeal to us is as of right based on the dissent, the notice of appeal having been filed on December 31, 1985. We conclude, though on different reasoning than the Appellate Division, that the notice did not comply with the requirements of Vehicle and Traffic Law § 313 (1) (a) and, therefore, affirm.
II
Vehicle and Traffic law § 313 (1) (a) provides in pertinent part that: "Every notice or acknowledgement of termination for any cause whatsoever sent to the insured shall include * * * a statement that proof of financial security is required to be maintained continuously throughout the registration period and a notice prescribed by the commissioner indicating the punitive effects of failure to maintain continuous proof of financial security and actions which may be taken by the insured to avoid such punitive effects.” Since enactment of the Motor Vehicle Financial Security Act by Laws of 1956 (ch 655), section 313 or its predecessor provision has required that a notice of termination include "a statement that proof of financial security is required to be maintained continuously throughout the registration period” as well as an additional statement (now referred to as a "notice”) which has varied from time to time concerning the effects of the failure to maintain such proof and in more recent versions how to avoid *397 such effects. It thus imposes two distinct requirements — first, that it include a statement that proof of financial security must be maintained; second, as it presently reads, that it also contain a notice as prescribed by the Commissioner as to the punitive effects of failing to do so and of the actions which can be taken to avoid those effects.
Because the notice as to punitive effects is to be prescribed by the Commissioner, it is clear that language of the statute which so provides is not required to be set forth verbatim in the cancellation notice as the Appellate Division majority held. The Commissioner’s prescription of that notice is contained in section 34.6 of his regulations, entitled "Warning on Notice or Acknowledgement of Termination to Insured.” Subdivision (a) of that regulation prescribes what the notice shall state as to punitive effects and it, together with subdivision (b), which directs that "[i]n addition to the above warning, the following information must also accompany each such notice”, prescribes the language necessary to inform the insured how to avoid such consequences. State Farm’s cancellation notice repeated verbatim the language prescribed by section 34.6, and therefore conforms to the second, notice, requirement of the statute.
Section 34.6 is, however, concerned only with that second requirement of the statute. This is apparent from both its failure to refer to the statement (proof of financial security) requirement of Vehicle and Traffic Law § 313 (1) (a) and from section 32.7 of the regulations (15 NYCRR 32.7). The latter provision, first adopted in 1972 and still in effect, is entitled "Notice of Termination.” It requires that "[a]ll of the information and warnings required to be contained on a notice of termination sent to an insured by subdivision 1 of section 313 of the Vehicle and Traffic Law shall continue to be required on such notices.” Read in the light of section 32.7, it is clear that in adopting section 34.6 the Commissioner was neither reading the statement requirement out of the statute nor attempting to rule that the language set forth in section 34.6 constituted compliance with that requirement. Rather, section 34.6 is concerned only with the second, notice, requirement and presupposes that, in conformance with section 32.7, the notice of termination will also contain language to meet the statute’s statement requirement.
We do not agree, however, with the suggestion of the Appellate Division dissenter that the section 34.6 notices *398 sufficiently comply with the statement requirement of the statute. Our disagreement is not based on the fact that those notices refer to "insurance” rather than "proof of financial security,”[3] but on the fact that the legislative purpose in including the statement requirement simply is not met by the language on which the dissenter relied. That language — "If you do not keep your insurance in force during the entire registration period, your registration will be suspended” — implies that there is a continuous obligation to maintain insurance but is not phrased in the mandatory terms that the statute has contained since its inception. Rather it leaves to the discretion of the motorist whether he or she will continue the insurance or fail to do so at the risk of registration suspension and, thus, undermines the purpose of the Motor Vehicle Financial Security Act, which is "that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them” (Vehicle and Traffic Law § 310 [2]; see, Teeter v Allstate Ins. Co., 9 NY2d 655, affg 9 AD2d 176; Ruggiero v American Fid. Fire Ins. Co., 103 Misc 2d 859), and, we add, so that the State will not be burdened with the care of injured third persons unable to recover from the motorist and too impoverished to provide for their own needs. To fulfill that purpose the Legislature has determined that the notice must clearly and unequivocally declare that insurance must be maintained *399 continuously and section 32.7 of the regulations has put insurers on notice that all of the requirements of Vehicle and Traffic Law § 313 must be complied with.
It is well established that a notice of cancellation is ineffective unless in strict compliance with the requirements of Vehicle and Traffic Law § 313 (1) (a) (Matter of Liberty Mut. Ins. Co. [Stollerman], 50 NY2d 895, affg for reasons stated at 70 AD2d 643; Nationwide Mut. Ins. Co. v Liberty Mut. Ins. Co., 43 NY2d 810, affg on opn at 92 Misc 2d 273; Miller v Maggio, 106 AD2d 907) and of regulations of the Commissioner if properly filed and not inconsistent with specific statutory provision (see, Matter of Midwest Mut. Ins. Co. [Sinnott], 62 NY2d 703, affg for reasons stated at 96 AD2d 530). Here, both the statute and section 32.7 of the regulations required that the notice of termination inform the policyholder that his or her insurance must be continuously maintained. It follows that the State Farm notice, which wholly omitted the statement that the Kavanaughs’ insurance policy was required to be continuously maintained,[4] was ineffective.
For the foregoing reasons, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.

. Those paragraphs read:
"If you do not keep your insurance in force during the entire registration period, your registration will be suspended. If your vehicle is still uninsured after 90 days, your driver’s license will be suspended. To avoid these penalties you must surrender your registration certificate and plates before your insurance expires. By law, we must report the termination of this coverage of vehicle insurance to the Department of Motor Vehicles.”
"If you have a lapse in insurance coverage of under 90 days, the law permits you to avoid a suspension of your registration by the payment of a civil penalty of $100 for each 30 days or portion thereof your insurance coverage was not in effect. This grace provision applies only once during any 36-month period. Thus, if you have had a lapse in insurance coverage, it is important that you contact the Department of Motor Vehicles immediately.”

. [2] Although it did not expressly sever the first cause of action, there is party finality because the individual defendants, although interested in, are not parties to the second cause of action and State Farm is not a party to the first cause of action. To the extent that the second cause of action demanded judgment declaring State Farm obligated to pay Nationwide in reimbursement of the property damage paid by it, which might require determination of the reasonable value of the damage inflicted, that demand must be deemed abandoned, the judgment as entered having made no reference to it. There is finality, therefore, as to the second cause of action as well.

. As is hereafter discussed, the rule that there must be strict compliance with the requirements of the statute is intended to assure that the statutory purpose is carried out. A cancellation notice stating that "proof of financial security” rather than "insurance” (which is what the notice is intended to terminate) must be continuously maintained does nothing to further that purpose, indeed may be confusing to some policyholders. "Proof of financial security” means "proof of ability to respond in damages for liability arising out of ownership, maintenance or use of a motor vehicle” (Vehicle and Traffic Law § 311 [3]). That ability may be evidenced by "liability insurance, a financial security bond, a financial security deposit, or qualifications as a self-insurer” (id.). It is, however, simply unrealistic in light of the statutory definitions of the other options to expect that a motorist whose insurance is being canceled will consider obtaining from a surety a financial security bond (Vehicle and Traffic Law § 311 [6]), making a financial security deposit of $25,000 (Vehicle and Traffic Law § 311 [7]), or purchasing the number of vehicles (25 or more) necessary to become a fleet operator entitled to self-insure (Vehicle and Traffic Law § 316). Whether the statement required refers to "proof of financial security” or simply advises the insured motorist that his insurance must be continuously maintained, therefore, has no relation to the purpose of the statute and the rule of strict compliance.

. In light of that conclusion it is unnecessary to discuss State Farm’s argument that notwithstanding revocation of section 34.6 on August 4, 1983 (it was readopted on Feb. 1, 1984) and the promulgation of section 35.11 (15 NYCRR 35.11 [since revoked]), a saving clause in section 35.11 continued section 34.6 in effect until November 1,1983.