■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v WAINRIGHT M. CARLOUGH, Respondent, and MERITPLAN INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration, Meritplan Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated November 26, 1986, which granted the application.

Ordered that the judgment is affirmed, with costs to the petitioner payable by the appellant.

On April 5, 1986, Arleen Carlough allegedly was struck and killed by a motorcycle operated by James Sigerson. This motorcycle had been insured by the appellant Meritplan Insurance Company, which had sent a notice of cancellation on January 26, 1986, effective February 13, 1986. The notice of cancellation provided as follows: "NOTICE: *LIABILITY INSURANCE MUST BE MAINTAINED ON ALL REGISTERED VEHICLES.* HOWEVER, YOU ARE NOT REQUIRED TO SURRENDER YOUR REGISTRATION PLATES TO THE DEPARTMENT OF MOTOR VEHICLES WHEN YOUR LIABILITY INSURANCE TERMINATES. IF YOU OPERATE YOUR MOTORCYCLE ON THE PUBLIC HIGHWAYS WITHOUT LIABILITY INSURANCE, YOU WILL BE SUBJECT TO HAVING YOUR DRIVER'S LICENSE AND REGISTRATION REVOKED FOR A PERIOD OF ONE YEAR, A FINE IMPOSED BY A COURT AND PAYMENT OF A CIVIL PENALTY OF $300" (emphasis supplied).

This notice is identical to the form promulgated by the Commissioner of the New York State Department of Motor Vehicles (15 NYCRR 34.6 [d]). At the time of the accident, Wainright M. Carlough, the deceased's father, had an automobile liability insurance policy with the petitioner Allstate Insurance Company, and a claim was made by Mr. Carlough for arbitration under the uninsured motorist provision of this policy. Thereafter, the petitioner commenced this proceeding to stay arbitration. The court granted the petitioner's application to permanently stay arbitration, holding that under *Barile v Kavanaugh* (67 NY2d 392), the notice given by the appellant to Sigerson was ineffective because it did not state that the insured had a continuous obligation to maintain insurance. We agree.

Initially, we note that although the appellant's notice is identical to that promulgated by the Commissioner of the New York State Department of Motor Vehicles, this fact does not control our determination.

"Where * * * the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative . intent, there is little basis to rely on any special

competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight. And, of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight" *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459).

Vehicle and Traffic Law § 313 (1) (a) provides, in relevant part, that: "Every notice or acknowledgement of termination * * * sent to the insured *shall include* * * * a *statement that proof of financial security is required to be maintained continuously throughout the registration period* and a notice prescribed by the commissioner indicating the punitive effects of failure to *maintain continuous proof* of financial security and actions which may be taken by the insured to avoid such punitive effects" (emphasis supplied).

In *Barile v Kavanaugh (supra),* it was held that the cancellation notice in that case was not phrased in "mandatory terms" as to the insured's duty to maintain financial security to effectively cancel the automobile insurance. The court stated, "the Legislature has determined that the notice must clearly and unequivocally declare that insurance must be maintained continuously" *(Barile v Kavanaugh, supra,* at 398-399).

It is well established that a notice of cancellation is ineffective unless it is in strict compliance with the requirements of Vehicle and Traffic Law § 313 (1) (a) *(Barile v Kavanaugh, supra; Matter of Liberty Mut. Ins. Co. [Stollerman],* 50 NY2d 895, *affg* 70 AD2d 643 *for reasons stated in mem at App Div; Nationwide Mut. Ins. Co. v Liberty Mut. Ins. Co.,* 43 NY2d 810, *affg* 92 Misc 2d 273 *on opn at Sup Ct, NY County; Miller v Maggio,* 106 AD2d 907). Although motorcycles are treated somewhat differently from automobiles with respect to certain aspects of insurance cancellation under the Vehicle and Traffic Law *(see,* Vehicle and Traffic Law § 312 [1] [b]; § 313 [2] [a]; § 318 [1] [a]), these differences do not vary the notice requirements for cancellation. A review of the relevant statutes reveals that there is no indication that the Legislature intended to exempt cancellation notices concerning motorcycle insurance policies from the strict requirement that the insured be informed that insurance must be maintained "continuously throughout the registration period" (Vehicle and Traffic Law § 313 [1] [a]; *Barile v Kavanaugh, supra).* Therefore, the appellant's notice was ineffective to cancel the sub-

ject policy. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.