■ In the Matter of WAUSAU INSURANCE COMPANY, Appel-

lant, v ENRIQUE RAMOS, Respondent, and ALLSTATE INSURANCE COMPANY, Proposed Added Party Respondent.—In a proceeding pursuant to CPLR 7503 to stay arbitration of an uninsured motorist's claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated May 31, 1988, which dismissed the petition and directed the petitioner to proceed to arbitration.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is granted, and arbitration of the claim of the respondent Ramos for benefits pursuant to the uninsured motorist endorsement of a policy issued by the petitioner is permanently stayed.

Because the accident report bears an insurance code designation for the allegedly offending vehicle, the record establishes prima facie the existence of insurance coverage, thus shifting to the respondent Ramos the burden of coming forward with proof that the offending vehicle was uninsured *(see, Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886). Although a notice of cancellation containing the statement required by Vehicle and Traffic Law § 313 (1) (a), as well as the language prescribed by 15 NYCRR 34.6 (a) was submitted to Supreme Court, the respondent Ramos failed to submit the reverse side of the notice to which the reader was directed *(see, Matter of Midwest Mut. Ins. Co. [Sinnott—State Farm Mut. Ins. Co.],* 96 AD2d 530, *affd* 62 NY2d 703). Thus, the respondent Ramos failed to come forward with some proof that the reverse side of the notice contained the information prescribed by 15 NYCRR 34.6 (b), and the Supreme Court erred when it ruled that the notice of cancellation was proper *(see, Barile v Kavanaugh,* 67 NY2d 392, 399; *cf., Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.