■ VINCENT NUNEZ, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Appellant, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent, et al., Defendants.—In an action to recover damages for personal injuries, the defendant Motor Vehicle Accident Indemnification Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated October 4, 1988, as, upon reargument, adhered to the prior determination in an order of the same court dated November 20, 1987, which, after a hearing, determined that the notice of cancellation of the codefendant Liberty Mutual Insurance Company to its insured

was proper, and that codefendant Ansalem was uninsured at the time of the accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

Following a hearing at which no minutes were taken, the Supreme Court determined that the notice of cancellation sent by Liberty Mutual Insurance Company to its insured was proper and effective, with the result that Ansalem was uninsured on the date of the accident, and the plaintiff could proceed against the Motor Vehicle Accident Indemnification Corp. (hereinafter the MVAIC). Thereafter, the MVAIC moved to "renew and/or re-argue". The court granted the MVAIC's application but adhered to the original determination.

On appeal, the MVAIC contends that the Supreme Court overlooked controlling law in finding effective a notice of cancellation which did not contain language advising Ansalem that proof of financial security was required to be maintained continuously throughout the registration period (see, Barile v Kavanaugh, 67 NY2d 392). The MVAIC does not contend that it ever raised the issue of the propriety of the language of the notice of cancellation at the hearing. The record, which was prepared and submitted by the MVAIC, does not contradict the contention by Liberty Mutual Insurance Company that the MVAIC conceded the effectiveness of that notice at the hearing. Therefore, the MVAIC has failed to preserve the issue of the validity of the cancellation notice for appellate review. Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.