◼ In the Matter of PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v GARY FOLEY et al., Respondents.—In a proceeding to stay arbitration of an uninsured motorist's claim, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McGinity, J.), dated October 25, 1990, which dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the arbitration is stayed.

The instant proceeding was commenced to stay arbitration of an uninsured motorist's claim filed by the petitioner's insured, the respondent Gary Foley. Mr. Foley had been

operating his motorcycle on the Southern State Parkway on June 1, 1986, when he was allegedly cut off by another motorcycle operated by the respondent Paul Kerins. Foley was allegedly thrown from his vehicle and sustained serious injuries. The issue on appeal is whether a liability policy covering the Kerins motorcycle which had been issued by the respondent Meritplan Insurance Company (hereinafter Meritplan), effective on April 13, 1985, was still in force on the date of the accident.

Meritplan had mailed Kerins a notice of cancellation in October 1985 because of his failure to renew the policy and pay the required premium. Meritplan concedes that the notice it sent was ineffective to cancel the policy because it did not state that the insured had a continuous obligation to maintain insurance (see, Vehicle and Traffic Law § 313 [1] [a]; *Barile v Kavanaugh,* 67 NY2d 392). However, Meritplan argues that the policy was nonetheless canceled when Kerins allowed his registration to lapse. Since the registration lapsed prior to the date of the accident, Meritplan claims the policy was no longer in force. We disagree.

Although motorcycles were treated somewhat differently from automobiles with respect to certain aspects of insurance cancellation under Vehicle and Traffic Law § 313, at the time Meritplan attempted to cancel the subject policy, these differences did not exempt the insurer from the strict requirement that the insured be informed of his or her continuous obligation to maintain insurance coverage (see, *Matter of Allstate Ins. Co. v Carlough,* 132 AD2d 553, *affd* 70 NY2d 912).

Where, as here, a certificate of insurance has been issued and filed with the Commissioner as required under the Financial Security Act, the insurer's right to refuse to renew the policy upon the expiration of its term is restricted by statute, and the policy continues in force after its expiration date without a renewal, "unless and until notice of termination is given in accordance with the statute" *(Teeter v Allstate Ins. Co.,* 9 AD2d 176, 181, *affd* 9 NY2d 655). Here, Kerins never indicated that he wished to cancel the policy, nor did he obtain replacement coverage which would have excused Meritplan from providing notice under Vehicle and Traffic Law § 313 (see, *Employers Commercial Union Ins. Co. v Firemen's Fund Ins. Co.,* 45 NY2d 608; *Zulferino v State Farm Ins. Co.,* 123 AD2d 432, 433). Additionally, there is no statutory authority in support of Meritplan's contention that the failure of the policy holder to renew his or her vehicle registration permits the insurer to avoid its obligation to comply with the statutory

notice of termination provisions. Under the circumstances, the policy issued by Meritplan remained in force as of the date of the subject accident because of the failure to comply with the strict statutory notice of termination requirements set forth under Vehicle and Traffic Law § 313 (1) (a) *(see, Matter of Allstate Ins. Co. v Carlough, supra; Capra v Lumbermens Mut. Cas. Co.,* 31 NY2d 760; *Matter of State Farm Mut. Auto. Ins. Co. v Matthews,* 74 AD2d 875, 876). Accordingly, the petition to stay arbitration should have been granted. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.