WILLIAM DUNN, Respondent, v JAMES E. PASSMORE, Defendant, LISA SANDS et al., Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [644 NYS2d 283]

Vehicle and Traffic Law § 313 specifies the format and content of notices of cancellation of automobile liability insurance policies, and the failure to strictly comply with its provisions invalidates such notices *(Barile v Kavanaugh,* 67 NY2d 392, 399; *Matter of Liberty Mut. Ins. Co. [Stollerman-Banner Cas. Co.],* 50 NY2d 895, *affg* 70 AD2d 643). 15 NYCRR 34.6 (b) requires that the cancellation notice include a specification that suspension of the automobile registration can be avoided by payment of a civil penalty of $6 per day for each day the insurance coverage is not in effect. The notice issued by Aetna Casualty and Surety Company incorrectly indicated that the civil penalty was $4 per day, which was the former applicable rate. Since the regulatory requirements of 15 NYCRR 34.6 are no less mandatory than the statutory requirements of the Vehicle and Traffic Law *(Matter of USAA Cas. Ins. Co. v Beliz-*

*aire,* 154 AD2d 603, 604; *Matter of Wausau Ins. Co. v Ramos,* 151 AD2d 487), we find the purported cancellation to be ineffective *(see, Allstate Ins. Co. v Satchell,* 225 AD2d 374). Bracken, J. P., Miller, Joy and Krausman, JJ., concur.