[708 NYS2d 453]

In the Matter of AMERICAN HOME ASSURANCE COMPANY, Respondent, v KENNETH F. CHIN et al., Respondents, and JOHN DEERE INSURANCE COMPANY, Appellant.

Second Department, May 30, 2000

---

## APPEARANCES OF COUNSEL

*Curtis, Vasile, Devine & McElhenny,* Merrick (*Robert M. Smith* of counsel), for appellant.

*Samuel K. Rubin,* Bethpage (*Lawrence R. Miles* of counsel), for respondent.

## OPINION OF THE COURT

FRIEDMANN, J. P.

The issue presented for resolution on the instant appeal is whether an automobile liability insurance policy, which is not a "covered policy" within the meaning of Insurance Law § 3425 and which the insurer ineffectively attempted to cancel, remains in effect after its natural expiration date.

The instant proceeding arises out of a four-vehicle collision which occurred on August 7, 1995. The vehicle in which the respondent Kenneth F. Chin was a passenger was insured by the petitioner, American Home Assurance Company (hereinafter American Home). The vehicle that was allegedly uninsured was owned by the respondent Roxy Auto Sales, Inc. (hereinafter Roxy). It is undisputed that Roxy's vehicle had been insured by the appellant, John Deere Insurance Company (hereinafter John Deere), for a one-year period commencing April 12, 1994. On June 13, 1994, John Deere mailed a notice of cancellation to Roxy informing it that the policy had been canceled for nonpayment of premium. The effective date of the cancellation was July 5, 1994.

After the collision, Chin filed a claim for uninsured motorist benefits with American Home. American Home refused to provide him with such benefits, and he filed a demand for arbitration. In response, American Home commenced the instant proceeding pursuant to CPLR article 75 to permanently stay arbitration of Chin's claim. It asserted that Chin had no right to proceed to arbitration, *inter alia,* because Roxy's vehicle was insured by John Deere at the time of the underlying accident. In support of its position, American Home submitted several documents which indicated that Roxy's vehicle was insured by John Deere on the date of the subject accident.

In opposition, Chin argued, *inter alia,* that John Deere had canceled Roxy's policy prior to the accident. Chin submitted the notice of cancellation which John Deere mailed to Roxy on June 13, 1994. John Deere also opposed the petition on the ground that it had canceled the policy prior to the subject accident.

In its reply, American Home asserted, *inter alia,* that John Deere's notice of cancellation to Roxy had been ineffective because it had incorrectly stated that the civil penalty for a

lapse of insurance was four dollars per day, rather than six dollars per day.

By order dated September 8, 1998, the Supreme Court, Nassau County (Davis, J.), referred the matter to the Trial Assignment Part, *inter alia,* to determine the effectiveness of John Deere's purported cancellation of Roxy's policy. The order added Roxy, John Deere, and the other motorists involved in the subject accident as party respondents to the instant proceeding.

John Deere subsequently moved to dismiss the proceeding on the grounds that (1) the policy it had issued to Roxy was not a "covered policy" as defined by Insurance Law § 3425 because it had not been issued to a "natural person" for "non-business" purposes, and (2), because the policy was not a "covered policy," the ineffective cancellation could not extend the life of the policy beyond its stated or natural expiration date, i.e., April 12, 1995, nearly four months before the underlying accident occurred. In opposition to John Deere's motion, American Home asserted that until John Deere issued a proper notice of cancellation, the policy issued to Roxy remained in effect.

By order dated March 22, 1999, the court denied John Deere's motion and granted American Home's petition to permanently stay arbitration of Chin's claim. Although the court agreed that the policy issued to Roxy was not a "covered policy" within the meaning of Insurance Law § 3425, it determined that John Deere was nevertheless required to cancel Roxy's policy in accordance with Vehicle and Traffic Law § 313, and that its failure to do so meant that the policy remained in effect until it was canceled in the manner prescribed by that statute. John Deere appeals from this order and we affirm.

It is clear that the policy which John Deere issued to Roxy is not a "covered policy" as that term is defined by Insurance Law § 3425. Insofar as is relevant to the instant appeal, a "covered policy" is defined as an automobile insurance policy "insuring against losses or liabilities arising out of the ownership, operation, or use of a motor vehicle, predominantly used for nonbusiness purposes, when a natural person is the named insured under the policy of automobile insurance" (Insurance Law § 3425 [a] [1]). Here, Roxy, not a natural person, was the named insured on the policy, and the vehicles insured apparently were not predominantly used for nonbusiness purposes. However, Insurance Law § 3425, which governs, *inter alia,*

when an insurer may cancel or refuse to renew certain insurance policies, does not provide what a notice of termination must contain. That is provided for in Vehicle and Traffic Law § 313.

"It is well established that a notice of cancellation is ineffective unless in strict compliance with the requirements of Vehicle and Traffic Law § 313 (1) (a) * * * and of regulations of the Commissioner if properly filed and not inconsistent with specific statutory provision" (*Barile v Kavanaugh*, 67 NY2d 392, 399). Thus, in the instant case, it is clear that John Deere's notice of cancellation to Roxy, which incorrectly stated that the civil penalty was four dollars for each day that insurance was not in effect, rather than six dollars per day, was ineffective (*see, Dunn v Passmore*, 228 AD2d 472). Because its notice of cancellation was ineffective, the subject policy remained in effect at least until its stated expiration date.

In addition, Vehicle and Traffic Law § 313 (1) (a) expressly required John Deere to issue to Roxy a notice of its intention not to renew the policy. Contrary to John Deere's contention, the fact that the subject policy was not a "covered policy" within the meaning of Insurance Law § 3425 has no bearing on whether or not John Deere had to comply with Vehicle and Traffic Law § 313 (1) (a). In fact, as noted by the court in the order appealed from, Vehicle and Traffic Law § 313 (1) (a) contradicts John Deere's position. That section plainly states, in relevant part, that no automobile insurance contract "*in which the named insured is not a natural person or the motor vehicle is used predominantly for business purposes* shall be non-renewed" unless the insurer provides notice of its intent not to renew at least 20 days prior to the renewal date (Vehicle and Traffic Law § 313 [1] [a]; emphasis added).

Since the notice of cancellation was ineffective, regardless of whether the policy issued by John Deere to Roxy was a "covered policy" within the meaning of Insurance Law § 3425, John Deere's "right to refuse to renew the policy upon the expiration of its term is restricted by statute, and the policy continues in force after its expiration date without a renewal, 'unless and until notice of termination is given in accordance with the statute' " (*Matter of Public Serv. Mut. Ins. Co. v Foley,* 190 AD2d 800, 801, quoting *Teeter v Allstate Ins. Co.,* 9 AD2d 176, 181, *affd* 9 NY2d 655; *see, Broquedis v Employers Mut. Liab. Ins. Co.,* 45 AD2d 591, 594). Here, John Deere failed to give Roxy a notice of termination in accordance with the statute.

Moreover, there was no evidence that Roxy "indicated that [it] wished to cancel the policy, nor did [it] obtain replacement

coverage which would have excused [John Deere] from providing notice under Vehicle and Traffic Law § 313" (*Matter of Public Serv. Mut. Ins. Co. v Foley, supra,* at 801). Therefore, the court correctly determined that Roxy's insurance policy continued in force after its stated expiration date. Such a result comports with the purpose of the statute, which was to ensure that "motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them" (Vehicle and Traffic Law § 310 [2]). To the extent that this holding is inequitable in that it effectively extends the life of Roxy's insurance policy beyond its stated expiration date, it is a matter more properly left for the Legislature to remedy. Accordingly, the order must be affirmed.

McGINITY, LUCIANO and FEUERSTEIN, JJ., concur.

Ordered that the order is affirmed, with costs.