■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, v JONATHAN ROBBINS, Respondent. JUDITH PAUL et al., Proposed Additional Respondents. BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK, Proposed Additional Respondent. [720 NYS2d 153] —In a proceeding to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Westchester County (Kellman, J.H.O.), dated November 4, 1999, which denied the petition.

Ordered that the order is affirmed, with costs.

On December 31, 1996, a vehicle owned by Maria Robbins and operated by Jonathan Robbins was allegedly struck in the rear by a vehicle owned and operated by Dewitt Joyner. The Joyner vehicle had been insured by Bankers and Shippers Insurance Company of New York (hereinafter Bankers), which, on September 26, 1996, sent Joyner a notice cancelling his insurance, effective October 14, 1996. The notice of cancellation provided, *inter alia*: "[I]nsurance must be in effect throughout the registration period." At the time of the accident, Maria Robbins was insured under an automobile liability policy issued by the petitioner, Progressive Northeastern Insurance Company (hereinafter Progressive). Jonathan Robbins sought arbitration under the uninsured motorist provision of that policy, and Progressive commenced this proceeding to stay arbitration. The Supreme Court denied the petition. We affirm.

Vehicle and Traffic Law § 313 (1) (a) provides, *inter alia*, that

"[e]very notice or acknowledgement of termination * * * sent to the insured shall include * * * a statement that proof of financial security is required to be maintained continuously throughout the registration period" (see also, 15 NYCRR 34.6 [a]).

It is well established that a notice of cancellation is ineffective unless it is in strict compliance with the requirements of Vehicle and Traffic Law § 313 (1) (a) (see, Dunn v Passmore, 228 AD2d 472; Allstate Ins. Co. v Carlough, 132 AD2d 553, affd 70 NY2d 912). Contrary to Progressive's contention, the language employed by Bankers in its notice of cancellation complies with the statutory requirements of the Vehicle and Traffic Law (see, Barile v Kavanaugh, 67 NY2d 392, 398). Accordingly, the Supreme Court properly denied the petition to permanently stay arbitration. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.