■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v EUGENE CAULFIELD et al., Respondents, et al., Respondents. [732 NYS2d 374] —In a proceeding, *inter alia,* pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Rosenblum, Ref.), entered November 27, 2000, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with one bill of costs.

The record does not support the contention of the appellant, Allstate Insurance Company, that the notice of cancellation of the insurance policy issued by Allcity Insurance Company was not in strict compliance with the requirements of Vehicle and Traffic Law § 313 (1) (a). Accordingly, the referee properly concluded that the policy had been cancelled and there was no coverage at the time of the accident (*see, Matter of Progressive Northeastern Ins. Co. v Robbins,* 279 AD2d 631, 632, *lv denied* 96 NY2d 711). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.

■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ERIC TAYLOR et al., Respondents. [732 NYS2d 572] —In a proceeding, *inter alia,* pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated December 6, 1999, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the petition to stay arbitration of the uninsured motorist claim (*see, Zuckerman v City of New York,* 49 NY2d 557, 563; *Carpluk v Friedman,* 269 AD2d 349; *Matter of American Natl. Prop. & Cas. Co. v Chulack,* 265 AD2d 550; *National Grange Mut. Ins. Co. v Diaz,* 111 AD2d 700).

The petitioner's remaining contentions are without merit. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.