In a proceeding pursuant to CFLR article 75 to stay arbitration of an uninsured motor vehicle claim, the petitioner appeals *440 from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated November 25, 2002, which denied the petition and dismissed the proceeding, and (2) an order of the same court dated February 5, 2003, which denied its motion, denominated as one for leave to renew and reargue, but which was, in effect, for leave to reargue.
Ordered that the appeal from the order dated February 5, 2003, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,
Ordered that the order dated November 25, 2002, is reversed, on the law and the facts, the petition is-granted, and the arbitration is stayed; and it is further,
Ordered that one bill of costs is awarded to the appellants.
Pursuant to the provisions of Vehicle and Traffic Law § 313 (2) (a) and (3), Nationwide Assurance Company (hereinafter Nationwide) was required to file a notice of cancellation with the Commissioner of the Department of Motor Vehicles (hereinafter the Commissioner) no later than 30 days following the effective date of the cancellation. Having failed to do so, the termination of coverage by Nationwide was not effective with respect to the claim made by Falisha King and Latasha King arising out of the January 9, 2002, accident (see Matter of Merchants & Bus. Men’s Mut. Ins. Co. v Williams, 295 AD2d 614, 615 [2002]; Matter of Liberty Mut. Ins. Co. v Bethel, 207 AD2d 449 [1994]).
Moreover, a notice of cancellation is ineffective unless in strict compliance with the requirements of Vehicle and Traffic Law § 313 (1) (a) (see Matter of Progressive Northeastern Ins. Co. v Robbins, 279 AD2d 631, 632 [2001]; Barile v Kavanaugh, 67 NY2d 392, 399 [1986]). The Nationwide notice of cancellation failed to include the statutorily-mandated statement that proof of financial security was required to be maintained throughout the registration period, as well as the notice prescribed by the Commissioner indicating the punitive effect of a failure to do so. The subject notice, which wholly omitted these statements, was ineffective on its face and inadequate to effect a cancellation (see Matter of American Home Assur. Co. v Chin, 269 AD2d 24, 27 [2000]; Dunn v Passmore, 228 AD2d 472 [1996]). As the notice of cancellation was ineffective, the policy continued in effect on the date of the accident and the Supreme Court erred in declining to stay arbitration under the uninsured motorist provision of the petitioners’ policy. Santucci, J.P, Luciano, Schmidt and Adams, JJ., concur.