OPINION OF THE COURT
Denis J. Butler, J.
Plaintiff, Anthony Pascal, brought suit to recover payment from the defendants pursuant to a policy issued by defendant New York Central Mutual Fire Insurance Co. Plaintiff seeks to *412 recover for property damage sustained to his 2001 Kawasaki motorcycle as a result of an accident that occurred on October 5, 2002. The policy in issue provided for physical damage (“comprehensive and collision”) coverage for such Kawasaki motorcycle.
On September 20, 2002, 15 days prior to the subject accident, defendant, New York Central, cancelled the subject policy. The cancellation was based on defendant’s failure to receive a physical damage inspection report for the plaintiffs vehicle pursuant to section 18 (2) (6) of the New York Automobile Insurance Plan. Plaintiff contends that he complied with section 18 (2) (6) when he brought his motorcycle to the plan’s recommended agent, codefendant Careo Group, for an inspection on August 30, 2002.
Defendant, New York Central Mutual Fire Insurance Co., now moves for summary judgment, and contends that the policy issued to the plaintiff was properly cancelled prior to the date of loss. Plaintiff argues that the cancellation was improper, and that therefore summary judgment is not warranted.
The issue before the court is whether defendant properly cancelled the subject insurance policy due to plaintiffs alleged failure to comply with defendant’s request to provide an inspection. Defendant, New York Central, contends that such cancellation is based upon plaintiffs failure to submit to an inspection. Defendant, New York Central, argues that it properly terminated the plaintiff’s insurance policy and therefore plaintiff is not entitled to recover based upon the subject policy. Plaintiff contends that, although New York Central did not receive the inspection report, the plaintiff, in accordance with section 18 (2) (6), was merely required to make such vehicle available for inspection.
Pursuant to section 18 (2) (6) of the New York Automobile Insurance Plan, an insurer who has issued a policy under the plan shall have the right to cancel the entire policy if the insured “has failed to make his vehicle available for inspection by the insurer when requested to do so at a reasonable time and place convenient for the insured and the insurer.” “It is well established that a notice of cancellation is ineffective unless in strict compliance with the requirements of Vehicle and Traffic Law § 313 (1) (a).” (Matter of American Home Assur. Co. v Chin, 269 AD2d 24 [2000].) Pursuant to section 313 (1) (a), “[n]o contract of insurance for which a certificate of insurance has been filed with the commissioner shall be terminated by cancellation by the insurer until at least twenty days after mailing to *413 the named insured.” New York Central mailed out the notice of cancellation on August 30, 2002. The subject notice of cancellation was to take effect on September 20, 2002. Therefore, the cancellation notice was timely mailed.
The issue for the court to determine is whether New York Central properly canceled plaintiff’s coverage, for failing to obtain an inspection, pursuant to section 18 (2) (6) of the New York Automobile Insurance Plan. It is undisputed that the plaintiff brought his motorcycle to defendant Careo Group for an inspection on August 30, 2002. However, Careo Group contends that they were unable to submit the inspection report as the plaintiff did not provide them with the name of the insurance carrier. Plaintiffs alleged failure to provide the name of the insurance carrier does not negate the fact that the plaintiff made the vehicle “available” for inspection as required by section 18 (2) (6) of the New York Automobile Insurance Plan. As such, New York Central’s failure to receive said inspection does not allow for the cancellation of the policy.
The purpose of the statute is to insure that, as in this instance, an insured not be penalized and have such insurance coverage terminated due to the failure of a third party who does not forward the inspection report to the insurer. New York Central’s finding that an insurer may cancel an insured’s policy due to a third party’s mistake belies any reasonable interpretation of the New York Automobile Insurance Plan.
Pursuant to Insurance Law § 3425 (b), “[d]uring the first sixty days a covered policy is in effect, no notice of cancellation shall be issued or be effective unless it states or is accompanied by a statement of the specific reason or reasons for such cancellation.” It is well settled that an insurer’s notice to cancel must state specific reasons for such cancellation. (Nassau Ins. Co. v Hernandez, 65 AD2d 551 [1978].) The insurer’s stated reason for cancellation was that “as per Section 18.2.6, required photo inspection for physical damage coverage for the 2001 Kawasaki not received.” While the notice to cancel is specific, it fails to properly interpret section 18 (2) (6) of the Insurance Plan. Section 18 (2) (6) does not state that the photo inspection for physical damage needs to be “received,” but rather that the insured must make his vehicle “available” for an inspection.
Accordingly, the plaintiff has properly complied with section 18 (2) (6) of the Insurance Plan by making his vehicle “available” *414 for inspection on August 30, 2002. Therefore, New York Central’s motion for summary judgment dismissing the plaintiffs cause of action is denied.