*644 OPINION OF THE COURT
F. Dana Winslow, J.
Petition of Travelers Indemnity Company of Illinois, sued herein as Travelers . Property Casualty, for an order pursuant to CPLR 7503 (b) permanently staying the arbitration of the above matter or, in the alternative, joining Utica Mutual Insurance Company and Alexander Cruz-Colon as additional parties respondent, is determined as follows.
This matter arises out of an automobile accident that occurred on June 3, 2003, between a vehicle owned and operated by Travelers’ insured Kristine Ciambra, and a vehicle owned and operated by Cruz-Colon, which was allegedly insured by Utica. On or about January 22, 2004, Utica disclaimed coverage of the accident by reason of Cruz-Colon’s failure to appear for an examination under oath. The letter states that, on the basis of this nonappearance, Utica determined, among other things, that Cruz-Colon had breached his obligation to cooperate as set forth in the subject policy of insurance.
On the basis of this disclaimer, respondent Kristine Ciambra has made a claim for payment pursuant to the supplemental uninsured motorist (SUM) endorsement for the Travelers policy. Respondent served a demand for arbitration on or about March 1, 2004, and petitioner timely filed this application for a stay.
Petitioner has met its initial burden to show prima facie evidence of offending vehicle coverage by submitting the police accident report bearing an insurance code designation for the vehicle. (See Eagle Ins. Co. v Patrik, 233 AD2d 327 [1996]; Wausau Ins. Co. v Ramos, 151 AD2d 487 [1989].) This evidence has been refuted, however, by uncontroverted proof that Utica has disclaimed coverage of the accident. Accordingly, the burden shifts back to petitioner to come forward with additional evidence sufficient to raise an issue of fact requiring a hearing. (See Prudential Prop. & Cas. Ins. Co. v Mortise, 178 AD2d 646 [1991].)
Petitioner submits no additional evidence. Instead, it challenges the validity of the disclaimer based upon the alleged failure of Utica to prove that it diligently elicited Cruz-Colon’s cooperation. Petitioner relies on a 1967 New York Court of Appeals case which, in the context of an action against an insurer for satisfaction of a personal injury judgment, held that an insurer bears a heavy burden of proof in asserting a defense of noncooperation. (See Thrasher v United States Liab. Ins. Co., 19 *645 NY2d 159 [1967].) The carrier must show that it acted diligently in seeking to bring about insured’s cooperation, that efforts employed by insurer were reasonably calculated to obtain the insured’s cooperation, and that the attitude of the insured, after his cooperation was sought, was one of willful obstruction. (Id.) Petitioner argues, without authority, that “a disclaimer based on lack of cooperation must meet the same stringent standards regardless of whether the issue arises in a personal injury action or an uninsured motorist matter.” (Reply affirmation 1i 3.)
In this court’s view, the above proposition is not axiomatic. The precise question before this court is not whether the offending vehicle’s carrier validly disclaimed coverage, but whether or not the coverage issue must be determined as a condition precedent to arbitration of respondent’s SUM claim. Even if the Thrasher burden of proof were applicable to the ultimate determination of offending vehicle coverage, that does not resolve the question of whether petitioner is entitled to forestall arbitration duly demanded by its insured. The burden lies with petitioner to raise an issue of fact requiring a judicial hearing.
The disclaimer letter is not invalid on its face. It sets forth the reasons for the disclaimer, setting forth the attempts made by Utica to elicit Cruz-Colon’s cooperation and the failure of Cruz-Colon to respond. Petitioner presents no factual proof to invalidate Utica’s disclaimer, such as evidence that Cruz-Colon did not receive or could not have received the notices of the scheduled and rescheduled examinations, or that any of the facts set forth in the disclaimer letter were false. Rather, petitioner challenges the sufficiency of Utica’s attempts. Petitioner argues, in a conclusory manner and without factual basis or reference to any objective standard or authority, that “the activities which took place do not reflect any direct contact with Colon-Cruz [sic]. There is no mention of how the written notice of the Examination Under Oath was sent. Colon-Cruz did not answer the telephone and his conduct did not constitute . . . willful obstruction . . . .” (Petition 1i 3.) This speculation or inference drawn by counsel without first-hand factual knowledge is insufficient to raise an issue of fact justifying a stay of arbitration.
Moreover, this court believes that recent developments in the law pertaining to uninsured motorist claims call into question the routine practice of holding “framed issue” hearings on the validity of an offending vehicle carrier’s disclaimer, particularly *646 in the context of optional SUM coverage. At issue is the definition of “uninsured motor vehicle” as it is contained in the SUM provisions by virtue of the Superintendent of Insurance’s Regulation 35-D (11 NYCRR 60-2.3). Pursuant to Regulation 35-D, an “uninsured motor vehicle” includes an offending vehicle for which “(3) there is a bodily injury liability insurance or bond applicable to such vehicle at the time of the accident, but; . . . (iii) the insurer writing such insurance coverage or bond denies coverage or such insurer is or becomes insolvent.” (11 NYCRR 60-2.3 [f] [Insuring Agreements] [I] [c].) The definition itself contains no requirement that the disclaimer be a valid one. Nonetheless, courts interpreting this language, as it was used in the compulsory uninsured motorist scheme in existence prior to the advent of SUM coverage, have held that, as a condition precedent to arbitration, the insured must obtain a judicial determination of the right of the offending vehicle’s insurer to disclaim liability. (See Motor Veh. Acc. Indem. Corp. [Malone], 19 AD2d 542 [1963].)
This court believes that Malone and progeny are not controlling, for reasons set forth by its counterpart in a case entitled Phoenix Ins. Co. v Yongwattie Bepat (Index No. 000173/02, Hon. Edward W. McCarty, III, J.S.C.). Without repeating the comprehensive analysis of Justice McCarty, the court notes that, not only were there substantial changes in the uninsured field since 1965, when Malone was decided, which cast doubt upon the continued applicability of Malone's underlying rationale, but also, the existence of SUM coverage as “optional additional insurance” suggests that it should be treated differently by the courts. Authority which may be applicable in the context of compulsory uninsured motorist coverage is no longer controlling in the context of a SUM claim. (See American Mfrs. Mut. Ins. Co. v Morgan, 296 AD2d 491 [2002].) In Morgan (supra), the Second Department found that Regulation 35-D intentionally affords broader coverage than does the compulsory uninsured motorist scheme. The purpose, at least in part, is to provide those who exercised the option to purchase such coverage, and paid a premium therefor, with the right to prompt recovery from their own insurance carrier. In Morgan, the Court held that the insured should not have to await recovery from the Security Fund on behalf of an offending vehicle’s insolvent insurer, particularly since the SUM insurer would have a right of subrogation against the Security Fund. This court believes that the same rationale applies when the issue is the validity of the offending vehicle insurer’s denial of coverage. Since the *647 SUM carrier retains the right of subrogation, the SUM insured should not have to await a judicial determination of the validity of the disclaimer when he or she has paid for the right of prompt recovery, but rather should be permitted to proceed to arbitration.
The above principles are particularly convincing in the context of the instant matter. Inasmuch as the disclaimer is not facially invalid, and petitioner has not stated a factually supported challenge to its validity, petitioner has insufficient grounds to maintain that the allegedly offending vehicle was not “uninsured” as defined by Regulation 35-D. To contend otherwise is to impede respondent’s right to a prompt recovery, as contemplated by the SUM insurance scheme. Travelers may seek a judicial adjudication of offending vehicle coverage in the context of a subrogation claim.
Petitioner also seeks leave to conduct discovery prior to arbitration. While a court may order disclosure in aid of arbitration, courts do not do so, except under extraordinary circumstances. (De Sapio v Kohlmeyer, 35 NY2d 402 [1974].) No such circumstances were shown here. To the contrary, according to respondent’s unrefuted affirmation, petitioner is also the no-fault carrier, and no-fault examinations have been held.
The court has considered the remaining contentions of the parties and finds them to be without merit.
Based upon the foregoing, it is ordered that this petition to stay arbitration pursuant to CPLR 7503 (b) is denied.