■ In the Matter of WAUSAU INSURANCE COMPANIES, Appellant, v CECIL HARPAUL, Respondent. — Order, Supreme Court, New York County (Whitman, J.), entered on December 8, 1981, which denied petitioner-appellant's motion to reconsider, renew and reargue an order of said court, entered on July 7, 1981, which denied the petition to stay arbitration, is unanimously reversed, on the law and the facts, the motion to reconsider, renew and reargue is granted, the petition to stay granted, and the matter remanded for a hearing to determine whether the insurance was properly canceled, without costs. The appeal from the order entered on July 7, 1981, is dismissed as superseded by the appeal taken from said order entered on December 8, 1981, without costs. On Monday, March 6, 1978, respondent, Cecil Harpaul, was driving a 1971 Chevrolet owned by Maragh Rosella, which was insured by petitioner, Wausau Insurance Company, when it was involved in an accident with a car owned by Jacqueline Maynore. According to the police accident report, the driver of the latter vehicle is unknown, having fled the site of the accident. Based on this fact respondent, more than three years after the incident, demanded arbitration of his claim under the uninsured motorist endorsement of the policy issued by petitioner. Wausau timely moved to stay arbitration on the grounds that a threshold question existed as to whether the Maynore vehicle was covered by a policy of insurance on the date of this incident. At the hearing on the application to stay arbitration, respondent produced a letter allegedly signed by an employee in the claims department of Nassau Insurance (Nassau), the company which insured the Maynore vehicle. This letter purports to advise the attorneys for respondent that Nassau canceled its coverage of Jacqueline Maynore on February 27, 1978, one week prior to this accident. Special Term found that respondent presented sufficient evidence to prove that the accident involved an uninsured vehicle. We disagree. Section 313 of the Vehicle and Traffic Law instructs an insurance company as to the procedures to be followed to effect a cancellation of a policy of automobile insurance. This court has previously stated that these provisions must be strictly complied with in order to effectively cancel an insurance policy. (*Matter of Aetna Cas. & Sur. Co. v Morales,* 70 AD2d 833.) In this case all that was presented to Special Term was a bare conclusory letter which failed to detail even minimal compliance with statutory requirements. There is no hint that Nassau provided its insured with timely notification of cancellation or that this notice was in the proper form. This letter, the sole offer of proof of cancellation, can in no manner be deemed compliance with the Vehicle and Traffic Law. Accordingly, the matter should be remanded to determine whether the policy of insurance was properly canceled. Concur — Kupferman, J. P., Ross, Silverman and Asch, JJ.