OPINION OF THE COURT
Stanley Harwood, J.
Petitioner is the insurer of the vehicle in which respondent Springer was riding when, on November 19, 1983, it was involved in an accident with a vehicle owned by Herbert Blomont. On September 20, 1983, Blomont’s insurer, respondent Fireman’s Insurance Company (Fireman’s), mailed to Blomont at the appropriate address a notice advising him that, effective October 9, 1983, his insurance would be canceled on account of premium nonpayment. "Trial” of this proceeding to permanently stay arbitration of respondent Springer’s claim for uninsured motorist benefits consisted of a stipulation as to the above facts, submission of the notice of cancellation as an exhibit, and arguments by counsel for petitioner and respondent Fireman’s; respondent Springer did not participate and was not present at the trial.
The only issue raised by petitioner at trial and the only issue addressed by respondent Fireman’s in its subsequently submitted memorandum of law is whether the notice of cancellation is invalid, either because of the wording of a portion *1070 of the notice’s requisite warning (see, Vehicle and Traffic Law § 313 [1] [a]) or because another portion of it is in less than 12-point type. This court determines that the notice is invalid, notwithstanding respondent Fireman’s assertion that the notice conforms with the applicable regulation (see, 15 NYCRR 34.6) as in effect on September 20,1983.
Vehicle and Traffic Law §313 (1) (a) provides in pertinent part that: "Every notice or acknowledgement of termination for any cause whatsoever sent to the insured shall include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained continuously throughout the registration period and a notice prescribed by the commissioner indicating the punitive effects of failure to maintain continuous proof of financial security and actions which may be taken by the insured to avoid punitive effects.” Respondent Fireman’s notice contains no statement that "proof of financial security is required to be maintained continuously throughout the registration period”. It does however provide, in at least 12-point type and in accordance with 15 NYCRR 34.6 promulgated pursuant to Vehicle and Traffic Law § 313 (1) (a) that: "If you do not keep your insurance in force during the entire registration period, your registration will be suspended. If your vehicle is still uninsured after 90 days, you driver’s license will be suspended. To avoid these penalties, you must surrender your registration certificate and plates before your insurance expires. By Law, we must report the termination of this coverage of vehicle insurance to the Department of Motor Vehicles.” Respondent Fireman’s notice also advises, but in less than 12-point type, of the steps that "may” be taken (see, Vehicle and Traffic Law § 313 [1] [a]) to avoid registration suspension.
Respondent Fireman’s urges, in effect, that the words "[i]f you do not keep your insurance in force during the entire registration period, your registration will be suspended” constitute and are the equivalent of the "proof of financial security” statement mandated by statute. It also contends that, by statute, the Commissioner of Motor Vehicles is authorized to prescribe the content of "proof of financial security” statement and that the language of the regulation and of its notice is far more susceptible to a clear and correct interpretation by lay persons and therefore more likely to further the purposes for which the notice is required. (See, Ruggiero v American Fid. Fire Ins. Co., 103 Misc 2d 859.) Respondent *1071 Fireman’s misreads the statute and misconstrues the regulation on which it relies.
The statutory requirement that every notice contain a statement that proof of financial security is required to be maintained throughout the registration period is unambiguous and absolute. (Cf. Nassau Ins. Co v Hernandez, 65 AD2d 551.) Assuming for the moment that the language contained in the regulation and on which respondent Fireman’s relies was intended to constitute the statement mandated by statute, and assuming for the moment that it has substantially the same meaning, it is nonetheless inadequate: it is well-settled that in order to effectively cancel or terminate an automobile liability policy, strict compliance with Vehicle and Traffic Law § 313 (1) (a) is required. (See, e.g., Spring Brook Riding Academy v National Grange Mut. Ins. Co., 97 AD2d 754; Liberty Mut. Ins. Co. v Donahue, 67 AD2d 999.) Moreover, the statute does not authorize the Commissioner to prescribe the content of the "proof of financial security” statement; it quite unambiguously authorizes the Commissioner to prescribe only those two portions of the notice which indicate the punitive effects of failing to heed the warning of the statutorily required statement and the steps which may be taken by the insured to avoid them.
If respondent Fireman’s implicit interpretation that the Commissioner intended to supplant Vehicle and Traffic Law § 313 (1) (a) by promulgating 15 NYCRR 34.6 were a correct one, the regulation would be invalid as unauthorized. But the language prescribed in 15 NYCRR 34.6 does nothing more than indicate the punitive effects of failing to maintain insurance and as such is in accordance with and a mandatory supplement to the statement required by Vehicle and Traffic Law § 313 (1) (a). Because the notice at issue here does not contain the "proof of financial security” statement required by statute as well as the language prescribed by 15 NYCRR 34.6, Blomont’s insurance was not effectively canceled on the date of the accident and arbitration of respondent Springer’s uninsured motorist claim must be permanently stayed.
In view of this determination, it is unnecessary to determine whether Vehicle and Traffic Law § 313 (1) (a) requires that those two portions of the notice which the Commissioner is authorized to prescribe must also be in 12-point type. The court notes, however, that effective May 1985, the Commis *1072 sioner amended 15 NYCRR 34.6 to mandate that all portions of the warning notice be in 12-point type.