■ CHARLES KELLY et al., Individually and as Administrators of the Estate of DAWN M. KELLY, Deceased, and as Parents and Natural Guardians of HEATHER KELLY, an Infant, Respondents, v AMICA MUTUAL INSURANCE COMPANY, Appellant, HARTFORD INSURANCE COMPANY, Respondent, et al., Defendant.—In an action for judgment declaring which of the two defendant insurance companies should supply coverage for an accident which occurred on October 11, 1982, the defendant Amica Mutual Insurance Company appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated May 22, 1987, as upon reargument, adhered to its original determination in an order of the same court entered June 26, 1986, denying its cross motion for summary judgment, and (2) from an order of the same court, dated February 12, 1987, which granted the motion of the defendant Hartford Insurance Company for reargument, and, upon reargument, granted its cross motion for summary judgment and severed the action as against it.

Ordered that the order dated May 22, 1987, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 12, 1987, is reversed, on the law, and the defendant Hartford Insurance Company's motion is denied; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the defendant-respondent.

The defendant Hartford Insurance Company (hereinafter Hartford) issued a policy of liability insurance on a Chevrolet Blazer to the defendant William Kelly for the year June 1982 to June 1983. In September 1982 Hartford purportedly mailed

a notice of cancellation to its insured, effective October 4, 1982, alleging nonpayment of the premium.

Subsequently, the defendant William Kelly contacted his broker, who issued him a Temporary New York State Insurance Identification Card (hereinafter FS-75), dated October 9, 1982. The FS-75 shows that it was issued in connection with an existing policy issued by Amica Mutual Insurance Company to provide assigned risk coverage on the Blazer as an additional vehicle on the existing policy with the appellant. It is uncontested that Kelly paid the broker a deposit for the additional coverage and that the deposit and an application dated October 9, 1982, were sent to the appellant.

On October 11, 1982, the Blazer was involved in an accident.

Hartford's notice of cancellation omitted a statement that proof of financial security must be maintained. The statement is required by Vehicle and Traffic Law § 313 (1) (a) which requires strict compliance to effectuate the legislative purpose of permitting persons injured by motorists to recover for their injuries. Ordinarily, this omission renders a notice of cancellation ineffective (see, Barile v Kavanaugh, 67 NY2d 392; Eveready Ins. Co. v Mitchell, 133 AD2d 210). However, a supervening policy of liability insurance terminates a prior insurer's obligation to indemnify, irrespective of the prior insurer's noncompliance with the notice requirements of Vehicle and Traffic Law § 313 (1) (a) (Employers Commercial Union Ins. Co. v Firemen's Fund Ins. Co., 45 NY2d 608, 611). Thus, in order to determine whether Hartford's coverage was canceled prior to the October 11, 1982 accident, it is necessary to determine the effective date of the coverage by the appellant.

The appellant contends that the additional vehicle coverage it provided on the Blazer was not effective until October 13, 1982, the date it claims to have received the application from the broker. However, the appellant misplaces reliance on the effective coverage provisions of the New York Automobile Insurance Plan § 11 (F) (2) (a) since that section does not apply where a broker issues an FS-75. Where an FS-75 is issued, the effective date of coverage is determined by the effective date provisions on the FS-75 (see, Allstate Ins. Co. v Liberty Mut. Ins. Co., 110 AD2d 736; see also, 15 NYCRR 32.13). The FS-75 states that "[t]he coverage is effective in accordance with the provisions of the policy". The appellant's policy provides that coverage is determined according to the date designated by the New York Automobile Insurance Plan in accordance with plan rules. The appellant has not submitted proof of the date designated by the plan.

Because the appellant has failed to tender evidence to show that it is entitled to judgment as a matter of law, the trial court properly denied its cross motion for summary judgment. Since a question of fact also exists as to the date the appellant's coverage began, a question of fact exists as well as to when Hartford's coverage terminated. Accordingly, the trial court erred in granting Hartford's cross motion for summary judgment. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.