■ In the Matter of USAA CASUALTY INSURANCE COMPANY, Respondent, v JEAN C. BELIZAIRE et al., Respondents, and COLONIAL PENN INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration of a claim for uninsured motorist benefits, Colonial Penn Insurance Company appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), entered May 4, 1988, which granted USAA Casualty Insurance Company's petition for a permanent stay of arbitration.

Ordered that the judgment is reversed, on the law, with

costs payable by the petitioner, the stay of arbitration is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

On May 4, 1987, an automobile owned by Myrtha Orphe and insured by the appellant Colonial Penn Insurance Company (hereinafter Colonial Penn) struck the rear of an automobile owned by Jean C. Belizaire and insured by the respondent USAA Casualty Insurance Company (hereinafter USAA Casualty). By letter, allegedly mailed April 7, 1987, Colonial Penn had informed Orphe that her policy was being canceled due to nonpayment of premiums, effective April 23, 1987, 11 days before the accident occurred. In light of Colonial Penn's disclaimer, Belizaire filed a claim for benefits pursuant to the uninsured motorist endorsement of her policy with USAA Casualty and subsequently served on that carrier a demand for arbitration of the claim. The respondent USAA Casualty thereupon moved by petition dated October 8, 1987 for a permanent stay of arbitration. A hearing was subsequently conducted at which the principal issue to be resolved was whether Colonial Penn's cancellation notice complied with Vehicle and Traffic Law § 313 (1) (a). The Supreme Court held that it did not and granted the petition for a permanent stay of arbitration. We conclude otherwise and reverse.

Vehicle and Traffic Law § 313 (1) (a) requires a cancellation notice to contain (1) a "statement" that proof of financial security is required to be maintained continuously throughout the registration period and (2) a "notice" prescribed by the Commissioner of Insurance, as set forth in 15 NYCRR 34.6 (a) and (b). The Court of Appeals in *Barile v Kavanaugh* (67 NY2d 392, 397) has emphasized that the statute "imposes two distinct requirements—first, that it include a *statement* that proof of financial security must be maintained; second, as it presently reads, that it also contain a *notice* as prescribed by the Commissioner as to the punitive effects of failing to do so and of the actions which can be taken to avoid those effects".

Review of the record discloses that Colonial Penn's notice complied with the foregoing requisites. The notice contains the two paragraphs prescribed by the Commissioner of Insurance pursuant to 15 NYCRR 34.6 (a) and (b) and, moreover, also contains a third paragraph advising unequivocally that financial security must be maintained continuously throughout the registration period *(cf., Kelly v Amica Mut. Ins. Co.,* 142 AD2d 555, 556; *see also, Utica Mut. Ins. Co. v Springer,* 130 Misc 2d 1069, 1070-1071). In light of the above, the Supreme Court erred in holding the appellant's notice defec-

tive. A factual issue remains, however, in light of Orphe's contention that she did, in fact, make the required premium payments to a broker from whom she purchased the insurance. Accordingly, the matter must be remitted for a hearing on the foregoing issue. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.