■ BARBARA KAPLAN, as Executrix of HERMAN COHEN, De-

ceased, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant, et al., Defendant. [612 NYS2d 658] —In an action for a judgment declaring that the defendant Travelers Insurance Company is required to defend and indemnify the defendant Mathew Enterprises of Rockland, Inc., in a wrongful death action commenced by the plaintiff, Travelers Insurance Company appeals from an order of the Supreme Court, Kings County (Held, J.), dated August 27, 1992, which, after a hearing, declared that it insured the defendant Mathew Enterprises of Rockland, Inc., on October 12, 1989, the date of the accident.

Ordered that the order is reversed, on the law, without costs or disbursements, and it is declared that Travelers Insurance Company did not insure Mathew Enterprises of Rockland, Inc., on the date of the accident.

The defendant Mathew Enterprises of Rockland, Inc. (hereinafter Mathew), obtained an automobile insurance policy from the defendant Travelers Insurance Company (hereinafter Travelers). On June 14, 1989, Travelers sent a Notice of Cancellation to Mathew informing it that the policy would be cancelled, effective July 29, 1989. Concededly, Travelers' Notice of Cancellation was improper since it was not in 12 point type, as required by statute (see, Vehicle and Traffic Law § 313 [1] [a]). However, the record clearly indicates that Mathew subsequently obtained insurance coverage from Hanover Insurance Company (hereinafter Hanover), for the period July 5, 1989, to April 26, 1990. On October 12, 1989, Herman Cohen was a passenger in a car owned by Mathew. The Mathew car was involved in an accident and Cohen later died as a result of the injuries he sustained.

The plaintiff, as executor of Cohen's estate, commenced a wrongful death action against Mathew and other defendants. During its investigation of the accident, the plaintiff's counsel learned that Mathew's vehicle had been insured by Travelers. Accordingly, the plaintiff commenced the instant action for a judgment declaring that the Travelers' policy was in effect on the date of the accident and that Travelers was required to defend Mathew in the underlying wrongful death action.

Travelers argued that pursuant to Vehicle and Traffic Law § 313 (1) (a), Mathew's procurement of insurance with Hanover, effective July 5, 1989, terminated any obligation on the part of Travelers to defend Mathew.

After a hearing, the Supreme Court rejected Traveler's argument. We disagree and reverse.

In *Employers Commercial Union Ins. Co. v Firemen's Fund Ins. Co.* (45 NY2d 608, 611), the Court of Appeals held that "[a] supervening policy of liability insurance terminates a prior insurer's obligation to indemnify irrespective of the prior insurer's noncompliance with the notice requirements of section 313 of the Vehicle and Traffic Law" *(see also, Kelly v Amica Mut. Ins. Co.,* 142 AD2d 555).

Under the circumstances presented, it is clear that Mathew procured the Hanover insurance policy intending to replace the Travelers policy. Accordingly, Travelers is entitled to a declaration that it did not insure Mathew on the date of the accident and is therefore not required to defend Mathew in the underlying wrongful death action.

We have examined the plaintiff's remaining argument regarding equitable estoppel and find it to be without merit. Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.