■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v LORI KANTER et al., Respondents, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [629 NYS2d 786] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Liberty Mutual Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Trainor, R.), dated March 7, 1994, which, after a hearing, granted the petition.

Ordered that the judgment is affirmed, with costs.

The Referee properly determined that Liberty Mutual Insurance Company (hereinafter Liberty Mutual) had insured the motor vehicle that had struck Lori Kanter's motor vehicle. At the hearing, the petitioner, State Farm Mutual Automobile Insurance Company, met its burden of proving that the offending vehicle was insured by Liberty Mutual by producing a certified copy of the vehicle's registration record which indicates that it was insured by Liberty Mutual as of April 30, 1986 *(see, Matter of State Farm Mut. Auto. Ins. Co. v Fenelon,* 202 AD2d 436; *Matter of Eagle Ins. Co. v Tichman,* 185 AD2d 884; *Matter of Insurance Co. v Castillo,* 158 AD2d 691).

The burden of proof then shifted to Liberty Mutual, as the party seeking to disclaim coverage, to demonstrate that it had cancelled the offending vehicle's insurance policy prior to the

accident in question *(see, Matter of Allstate Ins. Co. v Ramirez, 208 AD2d 828; Matter of Worldwide Underwriters Ins. Co. v Lumbermens Mut. Cas. Co., 181 AD2d 784; Matter of Liberty Mut. Ins. Co. v Horowitz, 121 AD2d 634).* Liberty Mutual failed to produce any evidence indicating that it had filed a notice of cancellation with the Commissioner of Motor Vehicles *(see, Vehicle and Traffic Law § 313 [2], [3]; Matter of Eveready Ins. Co. v Wilson, 180 AD2d 796; Matter of Prudential Prop. & Cas. Ins. Co., 120 AD2d 736; see also, Matter of Government Empls. Ins. Co. v Barthold, 194 AD2d 724).* Therefore, the Referee properly granted the petition permanently staying arbitration of Kanter's uninsured motorist claim. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.