■ ALLSTATE INSURANCE COMPANY, Appellant, v KENCLE SATCHELL, Respondent, et al., Respondents. [639 NYS2d 339] ■

Vehicle and Traffic Law § 313 specifies format and content for notices of cancellation of automobile insurance liability policies, and the failure to strictly comply with its provisions invalidates such notice (*Barile v Kavanaugh*, 67 NY2d 392, 399; *Matter of Liberty Mut. Ins. Co. [Stollerman]*, 50 NY2d 895, *affg for reasons stated at* 70 AD2d 643; *Matter of Worldwide Underwriters Ins. Co. v Lumbermens Mut. Cas. Co.*, 181 AD2d 784, 786; *Matter of Wausau Ins. Cos. v Harpaul*, 90 AD2d 711).

15 NYCRR 34.6 (b) requires that the cancellation notice include a specification that suspension of the automobile registration can be avoided by payment of a civil penalty of $6 per day for each day the insurance coverage is not in effect. The Aetna notice in question incorrectly indicated that the civil penalty was $4 per day, which was the formerly applicable rate.

Since the regulatory requirements of 15 NYCRR 34.6 are no less mandatory than the statutory requirements of the Vehicle and Traffic Law (*Matter of USAA Cas. Ins. Co. v Belizaire*, 154 AD2d 603, 604; *Matter of Wausau Ins. Co. v Ramos*, 151 AD2d 487), we find the purported cancellation to be ineffective.

Accordingly, the petition to stay arbitration is granted. Concur—Murphy, P. J., Ross, Tom and Mazzarelli, JJ.