■ In the Matter of MATERIAL DAMAGE ADJUSTMENT CORPORATION et al., Appellants, v GLADIS TABARES, Respondent. [668 NYS2d 493] —In a proceeding to stay arbitration of an uninsured motorist claim, the petitioners Material Damage Adjustment Corporation and American Home Assurance Company appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated November 4, 1996, which denied their motion to renew their petition for a stay, which petition had been granted as to Material Damage Adjustment Corporation and denied as to American Home Assurance Company by order of the same court dated June 24, 1996.

Ordered that the appeal by Material Damage Adjustment Corporation is dismissed (*see,* CPLR 5511); and, it is further,

Ordered that the order is reversed insofar as appealed from by American Home Assurance Company, that petitioner's motion for renewal is granted, and upon renewal, the petition by American Home Assurance Company for a temporary stay of arbitration is granted, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination as to whether the vehicle owned by Camilo Restrepo was insured on October 30, 1994; and it is further,

Ordered that the petitioners are awarded one bill of costs.

The petitioners Material Damage Adjustment Corporation (hereinafter Material Damage) and American Home Assurance Company (hereinafter American Home) sought a temporary stay of the uninsured motorist arbitration which had been demanded by the respondent Gladis Tabares. Ms. Tabares had been injured in an accident which occurred while she was a passenger in a vehicle owned by Roque Garcia, which was insured by American Home. She claimed that the offending vehicle, owned by Camilo Restrepo, was uninsured.

By order dated June 24, 1996, the Supreme Court granted the petition to the extent of ordering a permanent stay of any arbitration between Tabares and Material Damage, finding that the latter party "did not insure [the host] vehicle and was improperly named" in the demand for arbitration. American Home's request for a temporary stay was denied.

Both Material Damage and American Home moved to renew, submitting new evidence tending to show that the offending vehicle was in fact insured by Allstate Insurance Company. The Supreme Court denied this motion.

The motion to renew was supported by evidence not presented initially, and demonstrated an issue of fact as to whether the offending vehicle was insured (*see, Matter of State Farm Mut. Auto. Ins. Co. v Kanter,* 217 AD2d 633). Under the particular circumstances of this case, it was an improvident exercise of discretion not to grant the motion, insofar as it sought a hearing on this issue in connection with American Home's petition for a stay. Because the original order was in its favor, Material Damage is not aggrieved by the order under review, since it denies Material Damage's request for renewal. The appeal of Material Damage is therefore dismissed. Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.