■ In the Matter of AIU INSURANCE COMPANY, Appellant, v FRANK MARCIANTE, Respondent. ETHYIEN BROWN et al., Proposed Additional Respondents. [778 NYS2d 55]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Richmond County (Ponterio, J.), dated February 14, 2003, which, after a hearing, denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On December 15, 2001, the respondent was operating a vehicle insured by the appellant when he was involved in a collision with a vehicle owned and operated by the proposed additional respondent Ethyien Brown. The respondent brought a claim for uninsured motorist's benefits under the appellant's policy on the ground that Brown's vehicle was uninsured.

The appellant commenced this proceeding, inter alia, to permanently stay arbitration of the claim on the ground that the records of the New York State Department of Motor Vehicles showed that at the time of the accident, Brown's vehicle was insured by the proposed additional respondent State Farm Fire Casualty Insurance Company (hereinafter State Farm). State

Farm contended that it had cancelled Brown's policy at her request effective October 5, 2001.

Since the appellant met its initial burden of showing that the offending vehicle was insured, the burden shifted to State Farm to establish a valid cancellation (*see Matter of State Farm Mut. Auto. Ins. Co. v Roman*, 239 AD2d 590 [1997]; *Matter of State Farm Mut. Auto. Ins. Co. v Kanter*, 217 AD2d 633 [1995]). It is undisputed that State Farm's notice of cancellation was defective. Accordingly, the State Farm policy would have remained in effect until its stated termination date unless another event, such as Brown's acquiring replacement coverage, excused State Farm from giving the cancellation notice required by Vehicle and Traffic Law § 313 (*see Matter of American Home Assur. Co. v Chin*, 269 AD2d 24 [2000]; *Duffy v Holt-Harris*, 228 AD2d 472 [1996]; *Allstate Ins. Co. v Satchell*, 225 AD2d 374 [1996]).

In this regard, State Farm relied upon the well-established principle that "[a] supervening policy of liability insurance terminates a prior insurer's obligation to indemnify irrespective of the prior insurer's noncompliance with the notice requirements of section 313 of the Vehicle and Traffic Law" (*Employers Commercial Union Ins. Co. of N.Y. v Firemen's Fund Ins. Co.*, 45 NY2d 608, 611; *Kaplan v Travelers Ins. Co.*, 205 AD2d 501, 503 [1994]). At the hearing, an employee of a State Farm agent testified that on or about October 5, 2001, Brown faxed her a cancellation request and proof that Brown had acquired other insurance. The employee also testified that an entry in State Farm's computer indicated that Brown had produced proof that she acquired other insurance causing State Farm to issue cancellation documents and a refund check. However, State Farm did not produce any documents showing that Brown had actually acquired other insurance, or the cancelled refund check. Therefore, State Farm failed to establish that it was relieved of its obligation to defend and indemnify Brown (*see Employers Commercial Union Ins. Co. of N.Y. v Firemen's Fund Ins. Co.*, supra).

In view of the foregoing, the petition to permanently stay arbitration of an uninsured motorist claim should have been granted. Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.