■ COLONIAL PENN INSURANCE COMPANY, Respondent, v NEW YORK CENTRAL MUTUAL INSURANCE COMPANY, Appellant. [798 NYS2d 74]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify George E. Heffran, Frances T. Heffran and Matthew Heffran in three underlying actions to recover damages for personal injuries entitled *Zerilli v Mella, Bednar v Mella,* and *Mella v Heffran,* commenced in the Supreme Court, Richmond County, under index Nos. 13437/95, 11212/96, and 12122/96, respectively, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Davis, J.), entered July 26, 2004, which granted that branch of the plaintiff's motion which was for summary judgment declaring that it is obligated to indemnify the plaintiff for the amounts paid in the underlying actions and denied its cross motion for summary judgment, and (2) a judgment of the same court entered September 27, 2004, which, inter alia, in effect, declared that it was obligated to reimburse the plaintiff for payments made in connection with the subject motor vehicle accident and is in favor of the plaintiff and against it in the principal sum of $161,461.56.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On June 5, 1993, the plaintiff issued a one-year motor vehicle liability insurance policy to nonparty Frances Heffran which covered, inter alia, a 1988 Isuzu Trooper. On March 15, 1994, it issued a notice of cancellation due to nonpayment of premium effective April 2, 1994. Assuming that the cancellation was ineffective either because it was improperly mailed to the insured or was not timely filed with the Commissioner of the Department of Motor Vehicles (*see* Vehicle and Traffic Law § 313), it is undisputed that Ms. Heffran's husband, George E. Heffran, subsequently procured an assigned risk replacement policy from the defendant effective April 7, 1994, covering the 1988 Isuzu Trooper.

"[W]here replacement insurance is actually obtained so as to continue coverage from the expiration date of the previous policy, the superseded insurer is relieved of the risk despite failure to notify the commissioner of termination of coverage" (*Employers Commercial Union Ins. Co. of N.Y. v Firemen's Fund*

*Ins. Co.*, 45 NY2d 608, 615 [1978]; *Matter of AIU Ins. Co. v Marciante*, 8 AD3d 266, 267 [2004]; *Kaplan v Travelers Ins. Co.*, 205 AD2d 501, 503 [1994]; *Kelly v Amica Mut. Ins. Co.*, 142 AD2d 555 [1988]).

Contrary to the defendant's contention, the plaintiff's April 18, 1994, issuance of a superfluous notice of nonrenewal did not terminate the replacement policy or revive its prior coverage. Accordingly, the Supreme Court correctly concluded that the defendant insured the 1988 Isuzu Trooper permissively operated by Matthew Heffran at the time of the April 7, 1994, accident and is therefore obligated to indemnify the plaintiff.

The defendant's remaining contentions are without merit. Florio, J.P., Adams, Mastro and Lifson, JJ., concur.