■ In the Matter of Kingsview Homes, Inc., Petitioner, against Nicholas M. Pette et al., Individually and as Justices of the Supreme Court of the State of New York Constituting the Appellate Term of the Supreme Court, Second Judicial Department, et al., Respondents.— Petition by a landlord for an order to restrain (1) the vacating and canceling of three warrants issued by the Municipal Court of the City of New York, Borough of Brooklyn, First District, and (2) the amending of an order dated June 29, 1959 so as to provide that the issuance of warrants be stayed·for five days after service of a copy of the order thereon, with notice of entry. An order dated August 10, 1959 vacating the warrants and amending the order dated June 29, 1959 was made on the court's own motion on its denial of a motion by the tenants for a stay. The order dated June 29, 1959 was made after the expiration of a stay of the issuance of the warrants and was an order affirming the final orders and judgments of the Municipal Court granting possession to the landlord in

summary proceedings and staying the issuance of the warrants. Motions were made by respondents to dismiss the petition for insufficiency (Civ. Prac. Act, § 1293). Determination contained in the order dated August 10, 1959, made on the court's own motion, annulled, without costs, and respondents Justices directed to strike from said order everything beginning with the words " On the Court's own motion ". There was no appeal pending when the order dated August 10, 1959 was made. The court did not have power to vacate the issuance of the warrants. There was no statutory authority therefor and the relationship of landlord and tenant did not survive the lawful issuance of the warrants. (*Hanover Bank* v. *De Koenigsberg*, 207 Misc. 1088, affd. 285 App. Div. 928; *Hendricks* v. *Ergis*, 66 N. Y. S. 2d 349; *Emray Realty Corp.* v. *Lloyd*, 5 Misc 2d 938; *Matter of Elcock* v. *Boccia*, 12 Misc 2d 955.) Under the circumstances, the granting of relief in this proceeding furnishes a more effective remedy than would correction on appeal subsequent to granting of leave to appeal (*Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26, 39, 40). The facts are undisputed and, therefore, the granting of further time (Civ. Prac. Act, § 1291) within which to answer would be purposeless. The action subsequently brought for declaratory judgment by the tenants and incidental temporary injunction have nothing to do with the summary proceedings leading to issuance of the warrants here considered, as shown by the denial in the order dated August 10, 1959 of the tenants' motion for a stay. Present — Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ. Murphy, J., deceased.