Martin B. Steoher, J.
This is a summary proceeding brought by the landlord to recover possession of a one-family dwelling in Manhattan from the tenant. Two breaches of the lease are alleged: use of the property as other than a dwelling, and failure to pay taxes.
*615 After trial I find that following a three-day notice to the tenant informing her the lease would terminate on the third day if the defaults were not cured, and prior to the commencement of this proceeding, the landlord accepted rent from the tenant. Such conduct is inconsistent with the alleged “ termination” of the lease, is in fact a reaffirmation of the lease, and as a consequence the alleged “ use ” violation will not support this summary proceeding (Prizep v. Wadler, 217 N. Y. S. 2d 746).
The one ground for a summary proceeding not affected by acceptance of rent prior to the commencement of the proceeding is nonpayment of taxes. The statute (Real Property Actions and Proceedings Law, § 711, subd. 3) permits a summary proceeding for the removal of a tenant if the latter “ defaults in the payment, for sixty days after the same shall be payable, of any taxes or assessments levied on the premises which he had agreed in writing to pay pursuant to the [lease] agreement.”
The lease provides: “31. Tenant agrees to pay any increases in taxes annually over the amount of 1970-1971 tax rate of $3661.72, commencing with new fiscal year July 1971.” There is no other reference in the lease to taxes as such. The proof is that the 1970-1971 tax was based on an assessed valuation of $62,000 at a rate of $5.906 per $100 of valuation. The following year the assessment was increased to $85,000, the rate to $6, and the resulting tax to $5,100.84, an increase of $1,439.12 per annum. Despite the tenant’s contention that all he agreed to pay was the rate increase ($.095 per $100) on the original assessment of $62,000, it is quite clear from the language of the lease and the negotiations of the parties that they intended to secure to the petitioner her rent undiminished by any increase in real property taxes.
The question, however, is whether or not such failure to pay the tax increase may support a summary proceeding. It will not support a proceeding for the nonpayment of rent because the lease does not declare it to be rent (Matter of. Petrakakis v. Crown Hotels, 3 AD 2d 635). Nor will it support a proceeding for the nonpayment of taxes because it does not require the payment of a tax. What the statute contemplates is a lease requiring the tenant to satisfy the claim of the tax collector by paying him his tax. The landlord may not know on any rent day whether or not the tax has been paid to the tax collector and, therefore, accepting the rent is not deemed inconsistent with a tenant’s breach arising out of a failure to pay the tax (Real Property Actions and Proceedings Law, § 711, subd. 3).
In this case, however, what the petitioner is entitled to is an additional payment to herself calculated on the basis of taxes in *616 differing years. She may not, therefore, maintain a summary proceeding for the nonpayment of taxes (cf. River View Assoc. v. Sheraton Corp. of Amer., 33 A D 2d 187,190).
Judgment may be entered for the respondent without prejudice to a suit at law for damages for the alleged failure to pay the tax increase; and without prejudice to a new proceeding for the alleged violation of the use provision of the lease.