Bernard Fuchs, J.
This is a special proceeding to recover possession of leased premises for nonpayment of rent. Respondents move to dismiss the petition as to the individual respondent, for lack of jurisdiction due to failure to serve the petition and notice of petition as required by section 735 of the Real Property Actions and Proceedings Law and also, as to both respondents, for failure to "state a cause of action.”
Both branches of the motion are granted. Accordingly, other grounds for dismissal and alternate motions for relief need not be considered.
Substituted service of the petition and notice of petition was used in the present case as permitted under subdivision (a) of the first paragraph of section 735 of the Real Property Actions and Proceedings Law. That section provides for substituted service on a natural person, when the premises are not his residence, not only at the premises but also by registered or certified mail at the respondent’s residence if petitioner has "written information” of the residence address.
Petitioner is the defendant in an action by respondents now pending in this court. The complaint in that action states respondent Gershman’s address. That written information, which petitioner does not deny having, imposes on petitioner the obligation to use it in compliance with section 735 if service is to be sufficient. (East 88th St. Corp. v Thornhill, 84 NYS2d 794; 60 West 109th St. Corp. v Taylor, 95 NYS2d 763.)
The petition demands the April rent of $400 which has been paid. The only other demand is for real estate taxes under a provision of the lease which requires the tenant to "pay any increase in the real estate tax using 1972 as the base year.”
There is no lease provision that such payments are to be considered rent. Neither do they constitute an obligation to pay real estate taxes within the meaning of subdivision 3 of section 711 of the Real Property Actions and Proceedings Law. The lease contemplates payments by respondents of the increase, not the entire tax, which would be made to petitioner, not the tax collector. Accordingly, the petition makes no claim for any relief cognizable under section 711 of the Real Property Actions and Proceedings Law and may not be maintained. (Atkinson v Trehan, 70 Misc 2d 614; Petrakakis v *801 Crown Hotels, 3 AD2d 635; River View Assoc. v Sheraton Corp. of Amer., 33 AD2d 187, affd 27 NY2d 718.)
The petition is dismissed without prejudice to an action at law for the amounts claimed by petitioner.