OPINION OF THE COURT
Louis B. York, J.
This amended decision cures several errors made in the previous decision dated March 27,1990.
This is a motion for summary judgment in a holdover proceeding seeking the eviction of a husband and wife for violating a substantial obligation of their lease. The tenant claims that this proceeding is flawed because prior to the bringing of this action and after the service of the 30-day notice the landlord furnished the tenant with a renewal lease *142 on a form prescribed by the State Division of Housing and Community Renewal pursuant to Rent Stabilization Code (9 NYCRR) § 2522.5 (b).
By furnishing the renewal lease, the tenant argues the termination notice is voided and the tenant occupies the premises under the renewal lease. That renewal lease was furnished in accordance with the procedure mandated by Rent Stabilization Code § 2522.5 (b).
I disagree. The Rent Stabilization Code at section 2523.5 requires the landlord to offer a renewal lease. While section 2524.4 lists several exceptions to this rule, violation of a substantial obligation is not one of them. The cases cited by respondent are, therefore, inapposite because none of them involved the compulsion of furnishing a renewal lease under the Rent Stabilization Code. (See, Mobil Oil Corp. v Lione, 66 Misc 2d 599 [Dist Ct, Suffolk County 1971]; Atkinson v Trehan, 70 Misc 2d 614 [Civ Ct, NY County 1972]; Kennedy v Deignan, 90 Misc 2d 238 [Dist Ct, Nassau County 1977].)
The fact that the petitioner landlord was required by regulatory authority to send the renewal lease is not construed as vitiating the notice of termination when the act of renewing the lease was not one of free will but of adhering to the requirements of law. (Cf., Muller Constr. Co. v New York Tel. Co., 40 NY2d 955 [1976].)
Motion denied.
Trial scheduled for May 7, 1990 at 9:30 a.m. in Trial Term Part 18.