■ ANSONIA ASSOCIATES, Appellant, v MARY COSTA, Respondent, et al., Defendants.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered July 13, 1989, *inter alia,* granting defendant's cross motion to dismiss the complaint for failure to serve a notice pursuant to Rent Stabilization Code (9 NYCRR) § 2523.5 (a); § 2524.2 (a), (b), and declaring that defendant is entitled to a renewal lease, unanimously affirmed, with costs.

Plaintiff Ansonia Associates (Ansonia) is the owner of an apartment building located at 2109 Broadway in Manhattan (The Ansonia) in which defendant Mary Costa (Costa), now 80 years of age, has been a tenant of record since 1964.

In May of 1984, in connection with litigation related to a rent strike, the Civil Court of New York City, Housing Court (Ralph W. Sparks, J.), ordered reclassification of The Ansonia from a "hotel" to an "apartment building" subject to the New York City Rent Stabilization Law. (Omnibus Housing Act, L 1983, ch 403, § 43.) However, the court reversed judgment on establishing the lawful stabilization rents and adjustments pending a determination of these issues by the New York State Division of Housing and Community Renewal (DHCR). Costa was not a party to these proceedings.

Thereafter, in June 1984, Ansonia unilaterally attempted to

offer renewal leases by offering Costa and other tenants an opportunity to enter into rent-stabilized leases. Costa contends that she never received notice of this offer.

By order of August 13, 1984 DHCR reclassified the building as an apartment building and directed Ansonia to offer renewal leases for one or two years to each tenant at the tenant's option. (Rent Stabilization Law [Administrative Code of City of New York] § YY51-6.0, as amended by L 1984, ch 439, § 2.) The DHCR order specifically directed that Ansonia afford Costa 60 days to renew. Ansonia concedes that it failed to comply with DHCR's directive. Thereafter, Ansonia commenced three summary proceedings against Costa based upon rent underpayments and her alleged refusal to renew her lease pursuant to its June 1984 offer.

In 1987 Ansonia commenced the instant proceeding seeking a declaratory judgment that, *inter alia,* Costa does not maintain her apartment as a primary residence. Costa answered, interposing as her third affirmative defense Ansonia's failure to provide the "window period" notice pursuant to New York City Rent Stabilization Code (9 NYCRR) § 2523.5 (a); § 2524.2 (a), (b), (c) (2).

We affirm the IAS court's order on the authority of *615 Co. v Mikeska* (75 NY2d 987, *affg* 146 AD2d 452 [1st Dept 1989]).

In order for an owner to deny a renewal lease to the tenant of a rent-stabilized apartment, the owner must give notice to the tenant of the intention not to offer such lease not more than 150 days nor less than 120 days prior to the end of the lease term. (9 NYCRR 2523.5 [a]; 2524.2 [a], [b], [c] [2]; *Park House Partners v DeIrazabal,* 140 AD2d 84, 89-90 [1st Dept 1988], *lv dismissed* 73 NY2d 866 [1989], *rearg denied* 73 NY2d 919 [1989].) Ansonia may not now seek an exception from this requirement because of the nonexistence of a renewal lease, since such nonexistence is a result of Ansonia's failure to comply with the August 13, 1984 order of DHCR. Concur—Kupferman, J. P., Carro, Milonas, Wallach and Smith, JJ. *[See,* — AD2d — (Nov. 1, 1990).]