*852 OPINION OF THE COURT
Norman C. Ryp, J.
A. ISSUE
Whether a landlord who first offers a renewal lease under Rent Stabilization Code (9 NYCRR) §2523.5 (a) which is promptly accepted by tenant may issue a "Golub Notice” under Rent Stabilization Code § 2524.2 (c) (2) between 150 and 120 days before the end of the tenant’s lease term as a predicate to a nonprimary residence holdover proceeding? Or is the "window period” permanently shut for the lease term. A landlord/tenant issue of first impression.
B. FACTS
On April 23, 1993, petitioner forwarded the required (by May 3, 1993) renewal lease form (eff Sept. 1, 1993-Aug. 31, 1994) for rent stabilized apartments to respondent pursuant to section 2523.5 (a) of the New York City Rent Stabilization Code.
On May 3, 1993, respondent executed the renewal form and returned it to petitioner, with a check for the May 1993 rent and a separate check for the additional security, as directed on the form by certified mail on May 4, 1993.
On May 3, 1993, the 120th deadline day before expiration of respondent’s lease, petitioner served a "Golub Notice” of nonrenewal upon respondent by mail. Further by letter dated May 11, 1993, petitioner returned respondent’s executed renewal form, additional security check and check for May 1993 rent, stating that petitioner had sent the proper "Golub Notice” and did not intend to renew respondent’s lease.
By notice of petition and petition, dated September 1, 1993, petitioner commenced herein summary proceeding.
C. APPLICABLE LAW
Pursuant to New York City Rent Stabilization Code § 2523.5 (a), the landlord must offer a renewal lease to a tenant not more than 150 and not less than 120 days before the expiration of the existing lease. Further, this offer remains open to the tenant for 60 days. A landlord may only refuse to renew a tenant’s lease for grounds specifically recognized by law, such as not using the premises as his or her primary residence. Notice of this intention not to renew, otherwise known as a *853 "Golub Notice”, must be given to the tenant not more than 150 and not less than 120 days before the expiration of the existing lease. (See, Golub v Frank, 65 NY2d 900 [1985].)
Where the "Golub Notice” is served in an untimely manner or not at all, the courts have found that the refusal to renew the lease on nonprimary residence grounds has not been preserved and that the tenant is entitled to a renewal lease. (See, Ansonia Assocs. v Consiglio, 163 AD2d 98 [1st Dept 1990]; Ansonia Assocs. v Costa, 163 AD2d 103 [1st Dept 1990].) Further, the courts have found that where the "Golub Notice” is properly served and then a renewal lease offer is subsequently sent, "in error”, the petitioner has waived the "Golub Notice”. (See, Steinmetz v Barnett, 155 Misc 2d 98 [Civ Ct, NY County 1992].)
The court has also held that once a tenant executed and delivered the renewal lease offer to petitioner, petitioner is bound to execute the renewal lease. (See, Matter of East 56th Plaza v New York City Conciliation & Appeals Bd., 56 NY2d 544 [1982].) Where the petitioner claims the renewal offer was in error, that error is at best a unilateral mistake that may only be held against respondent tenant for "knowledge of the error [by him], fraud or some other equitable consideration.” (See, Steinmetz v Barnett, supra, citing Harran Holding Corp. v Ashlock, NYLJ, June 1, 1983, at 6, col 1 [App Term, 1st Dept].)
In this instance, petitioner has presented no credible evidence of fraud or any other equitable consideration that would warrant recision of the renewal offer by mistake on April 23, 1993 — 10 days before the end of the 120-day deadline on May 3, 1993. Accordingly, respondent by mailing the renewal lease offer form to petitioner validly accepted the lease renewal and petitioner is obligated to renew said lease (see, Matter of East 56th Plaza v New York City Conciliation & Appeals Bd., supra) and petitioner’s subsequent "Golub Notice” is invalid. (See, Steinmetz v Barnett, supra, and the authorities cited therein.) Accordingly, the petition is dismissed without prejudice.
This matter is distinguishable in form and fact from the cases cited by petitioner: Spirer & Co. v Adams (a nonpayment proceeding) (NYLJ, June 3, 1991, at 27, col 4 [App Term, 1st Dept]) and Kibel v Davan Enters. (a holdover proceeding—violation of substantial obligation of lease — unauthorized corporate occupancy) (NYLJ, Oct. 31, 1991, at 23, col 2 [App *854 Term, 1st Dept]) involve instances where there was an ongoing summary proceeding when the statutory renewal notice was given. In those cases, the statutory renewal notice does not revive the landlord/tenant relationship. In addition, Kibel v Appel (147 Misc 2d 141 [Civ Ct, NY County 1990]) is distinguishable in that petitioner properly served a 30-day notice of termination prior to commencing the action and service of the statutory renewal notice after the 30-day notice does not invalidate such termination notice. Petitioner herein, on April 23, 1993, was not then required by law (Rent Stabilization Code § 2523.5 [a]) to send the renewal form on April 23, 1993, 10 days before the statutory deadline on May 3, 1993 when the "Golub Notice” was sent.
Accordingly, the petition is dismissed without prejudice to petitioner properly commencing a nonprimary residence holdover summary proceeding upon 30-day notice of termination. Petitioner’s CPLR 3211 (b) and 3212 cross motion to strike affirmative defenses and for summary judgment are not reached and are denied as moot.
D. CONCLUSION
For the foregoing reasons, respondent’s CPLR 3211 (a) (1), (3) motion to dismiss the petition is granted without prejudice to petitioner properly commencing a holdover summary proceeding based upon respondent’s alleged use of another apartment as a primary residence. Further, petitioner’s CPLR 3211 (b) and 3212 cross motion to strike affirmative defenses and for summary judgment is not reached and is denied as moot.