OPINION OF THE COURT
Per Curiam.
Order entered February 2, 1994 reversed, with $10 costs, tenants’ motion to vacate the warrant of eviction is denied, and the consent final judgment entered pursuant to the parties’ stipulation of settlement is reinstated.
On a previous appeal in this proceeding, this court affirmed Civil Court’s order denying tenants’ motion to vacate a stipulation executed in settlement of a nonpayment proceeding. We took note that "tenants, who were represented by counsel at the time of the stipulation, agreed to vacate this luxury apartment * * * on June 30, 1992, and received substantial other consideration in return for agreeing to vacate” (Coleman v Dabrowski, NYLJ, May 19, 1993, at 25, col 3 [App Term, 1st Dept]). During the pendency of the prior appeal, it appears that landlord’s managing agent mistakenly tendered a renewal lease which tenants executed, and that landlord accepted at least three rent checks in the amount reflected in the new lease.
Approximately five months after our affirmance, tenants moved in Civil Court to vacate the warrant issued pursuant to the stipulation, arguing that the parties had entered into a new leasehold agreement "which supersedes the stipulation of settlement and renders this proceeding void”. That court concluded that the tenancy had been "re-established”, and directed that the warrant be vacated and the petition dismissed.
Our reversal is dictated by our decision in Mendler v Manzione (NYLJ, June 28, 1982, at 12, cols 6, 7 [App Term, 1st Dept]) where, upon parallel facts, we stated: "It is at once apparent that the managing agent’s leasing office, which services thousands of apartments, overlooked the stipulation and, as programmed, inadvertently transmitted a form notice of renewal otherwise reserved for stabilized tenants whose leases are about to expire. In actuality, the landlord-tenant relationship between these parties had been terminated, and appellant was no longer in possession under a lease but *765 pursuant to the terms of a stipulation in which she unambiguously covenanted to vacate by a date certain. 'The creation of a landlord-tenant relationship should not be reduced to a matter of gamesmanship, seduction and artifice. Such a relationship only arises from a legitimate manifestation of intent on the part of the parties to create such a relationship’ [citation omitted]. It is manifest that there was no intent on this landlord’s part to revive the tenancy or to 'supersede’ the stipulation. There had been no direct negotiation with the appellant along these lines * * * and no consideration given for landlord’s misdirected offer of renewal. Appellant could not have reasonably expected to exercise rights accorded only to stabilized tenants, having renounced her status as a tenant in a subsisting settlement and having consented to the entry of judgment and to the issuance of a warrant. She should not now be permitted to circumvent the provisions of a valid stipulation executed in conformity with CPLR 2104”. The transmittal and/or execution of a new lease in this proceeding plainly resulted from procedures implemented by landlord to comply with Rent Stabilization Code mandates with respect to the tender of offers to renew to tenants named in expiring leases (Rent Stabilization Code [9 NYCRR] § 2523.5; Spirer & Co. v Adams, NYLJ, June 3, 1991, at 27, col 4 [App Term, 1st Dept]). There was no mutual agreement to revive a tenancy which the parties had validly stipulated to terminate, as affirmed by both Civil Court and this court.
Kristen Booth Glen, J. (dissenting). I dissent, and would vote to affirm for the reasons set forth in the opinion of Shafer, J., below.
Parness, J. P., and McCooe, J., concur; Glen, J., dissents in a separate memorandum.