OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by reducing the amount of *1070 the award to the principal sum of $500, and, as so modified, judgment affirmed, without costs.
Although the notice of appeal is from an order entered on April 7, 1997, in the interest of justice, we have deemed the notice of appeal from the order to be a notice of appeal from the subsequent judgment in which the order was subsumed (CPLR 5520 [c]).
 The statement on the index card displayed on the counter of defendant’s video store, consisting of plaintiffs name “Norberto Gallo”, the word “reward” and the monetary sum of $1,000, was reasonably susceptible to a defamatory connotation and actionable as libel per se (see generally, James v Gannett Co., 40 NY2d 415, 419; Tracy v Newsday, Inc., 5 NY2d 134, 136). The words considered in context and under the circumstances of their publication may reasonably be construed as suggesting to an average reader a wrongdoing by plaintiff for which a monetary reward was offered to anyone having information regarding plaintiff or his whereabouts (see, Wiener v Doubleday & Co., 74 NY2d 586, 592; Aronson v Wiersma, 65 NY2d 592, 594; James v Gannett Co., supra, at 419-420). The court, as the trier of fact, properly determined that the sign posted by defendant tended to expose plaintiff to public contempt, ridicule, aversion or disgrace (see, Mencher v Chesley, 297 NY 94, 100). Contrary to defendant’s contention, in New York, libel per se may be alleged and proved by reference to extrinsic facts, and no special damages need be shown, since a presumption of actual damage to reputation arises from the statement itself entitling plaintiff to recover general damages (see, 43A NY Jur 2d, Defamation and Privacy §§ 7, 8, 67; Hinsdale v Orange County Publs., 17 NY2d 284, 288; Matherson v Marchello, 100 AD2d 233). The court thus properly awarded plaintiff general damages in the amount of $500. It also appears upon the record that the court additionally awarded attorney’s fees to plaintiff’s attorney in the sum of $1,500. However, in the absence of any agreement, statute or court rule authorizing the award of attorney’s fees, such award was improper (see, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5). The amount of the judgment is accordingly reduced to the principal sum of $500.
DiPaola, P. J., Floyd and Levitt, JJ., concur.