In the Matter of STEPPING STONES ASSOCIATES, Appellant-Respondent, v JOSEPH SEYMOUR, Respondent-Appellant. [853 NYS2d 562]—

In a summary proceeding to recover possession of real property based upon the nonpayment of rent, the petitioner appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts dated August 11, 2005, as reversed a judgment of the City Court of the City of White Plains entered

September 16, 2003, which, inter alia, awarded it possession of the premises, and Joseph Seymour cross-appeals, by permission, from so much of the same order as denied his application for an award of an attorney's fee.

Ordered that the order is affirmed, without costs or disbursements.

In February 1999 the petitioner landlord commenced this summary proceeding in the City Court of White Plains to recover possession of real property based upon nonpayment of rent. The tenant did not deny the nonpayment, but nevertheless opposed the petition by interposing a general denial. The City Court directed the tenant to deposit the sum of $6,500 with that court by March 15, 1999, and warned the tenant that the failure to do so would constitute a default in the proceeding. When the tenant failed to deposit the required sum, the City Court rendered a judgment awarding the landlord possession of the apartment, a warrant of eviction, and back rent. The tenant appealed to the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts (hereinafter the Appellate Term). By order dated May 26, 2000, the Appellate Term reversed the judgment and remitted the matter to the City Court for further proceedings with respect to the petition.

During the pendency of the appeal, the tenant sought and obtained from the Appellate Term, by order dated May 4, 1999, a stay of all proceedings. The lease which the tenant was alleged to have breached by his nonpayment was due to expire by its terms on November 30, 1999. On August 24, 1999 the landlord offered the tenant a renewal lease; the tenant accepted on August 30, 1999. The tenant then moved to dismiss the proceeding on the ground that by offering a renewal lease, the landlord had waived its claim of entitlement to possession of the premises by reason of the tenant's default under the prior lease. The landlord opposed the motion, asserting that the offer of the renewal lease could not constitute a waiver of its right to possession because the offer was compelled by the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, hereinafter the ETPA) and its implementing regulations (9 NYCRR part 2500). The City Court agreed with the landlord and denied the motion.

Pursuant to the Appellate Term's remittitur, the matter was tried in the City Court over a period of five days commencing on November 2, 2000. Prior to the start of the trial, the landlord moved for leave to amend the petition to include claims of nonpayment up to and including the date of trial. The tenant did not oppose the landlord's motion, and it was granted. The landlord then established that the tenant had not paid rent dur-

ing a period covered by the lease that expired on November 30, 1999. With respect to the period covered by the renewal lease, the landlord established only that the rent had not been paid as of the initial trial date.

By order dated August 20, 2001, the City Court granted the petition, awarded possession of the apartment to the landlord, found the landlord to be entitled to the sum of $16,211.34 in unpaid rent, and set the matter down for a further hearing on the issues of legal fees, interest, sanctions, costs, and disbursements. After holding that hearing, the City Court, by order dated August 22, 2003, awarded the landlord interest on the rent that was due plus the sum of $36,851.50 as an attorney's fee. The tenant appealed to the Appellate Term, which reversed the judgment that had been entered, and dismissed the petition. We granted the landlord's motion and the tenant's cross motion for leave to appeal, and we now affirm.

Contrary to the landlord's contentions, the appeal from the judgment of the City Court entered September 16, 2003, was properly before the Appellate Term even though the tenant had only filed a notice of appeal from the underlying orders and not from the judgment. The Appellate Term acted providently within its discretion in deeming the notice of appeal from the underlying orders to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]; *see e.g. Chajet v Bronner,* 32 AD3d 527 [2006]; *Lang v Lang,* 20 AD3d 396 [2005]; *Cabeche v Cabeche,* 10 AD3d 441 [2004]; *Bragston Realty Corp. v Dixon,* 180 Misc 2d 1018 [1999]; *Gallo v Montauk Video,* 178 Misc 2d 1069 [1998]). The appeal from the final judgment brought up for review the prior orders (*see* CPLR 5501 [a]; *Matter of Aho,* 39 NY2d 241 [1976]; *see e.g. Colonial Penn Ins. Co. v New York Cent. Mut. Ins. Co.,* 19 AD3d 532 [2005]; *Serota v Mayfair Super Mkts., Inc.,* 15 AD3d 385 [2005]).

The Appellate Term also correctly reversed the judgment of the City Court. The landlord sought to recover possession of the premises based upon the tenant's default in the payment of rent under the lease in effect at the time the proceeding was commenced. When, subsequent to that default, the landlord tendered, and the tenant accepted, the renewal lease, a new tenancy arose (*see River Rd. Assoc. v Orenstein,* NYLJ, Dec. 24, 1991, at 25, col 5 [Yonkers City Ct]; *Blecher v Pachay,* NYLJ, May 14, 1991, at 25, col 1 [App Term, 2d & 11th Dists]; *320 W. 87th St. Co. v Segol,* NYLJ, Feb. 20, 1991, at 27, col 4 [Hous Part, Civ Ct, NY County]). Since the tenant's right to possession was thereafter predicated upon the renewal lease, the landlord could no longer seek possession of the premises on the

basis of the tenant's default under the previous lease (*see Everett D. Jennings Apts. L.P. v Hinds,* 12 Misc 3d 139 [A], 2006 NY Slip Op 51335 [U] [2006]).

Contrary to the landlord's argument, the facts here do not support the contention that the tender of the renewal lease was compelled by the requirements of the ETPA. Except in circumstances not presented here, the ETPA requires that a landlord offer a renewal lease to a tenant (9 NYCRR 2503.5 [a]). Here, however, the issuance of the warrant of eviction pursuant to the initial judgment in favor of the landlord terminated the landlord-tenant relationship (*see* RPAPL 749 [3]; *Matter of Kingsview Homes v Pette,* 9 AD2d 782, 783 [1959]) and, with it, the landlord's obligation to offer a renewal lease (*see 320 W. 87th St. Co. v Segol,* NYLJ, Feb 20, 1991, at 27, col 4). Thus, since the landlord was under no compulsion here to offer a renewal lease, we need not decide whether the making of such an offer under compulsion of the ETPA has the effect of defeating the landlord's claim to possession by reason of the tenant's breach of the prior lease (*see* 9 NYCRR 2522.5 [b]; *compare Everett D. Jennings Apts. L.P. v Hinds,* 12 Misc 3d 139 [A], 2006 NY Slip Op 51335 [U] [2006], *and A. A. Spirer & Co. v Adams,* NYLJ, June 3, 1991, at 27, col 4 [App Term, 1st Dept 1991], *with Kibel v Appel,* 147 Misc 2d 141 [1990]).

Also contrary to the landlord's argument, the stay pending appeal issued by the Appellate Term did not operate to revive the tenancy nunc pro tunc. A stay merely suspends further proceedings; it does not vitiate the effect of the order or judgment stayed (*see Matter of Pokoik v Department of Health Servs. of County of Suffolk,* 220 AD2d 13, 15 [1996]). The Appellate Term's subsequent reversal of the City Court's order and vacatur of the warrant of eviction does not alter this result since the effect of the landlord's offer must be judged by the facts at the time of the offer.

The landlord's argument that it was entitled to judgment solely by reason of the tenant's default under the renewal lease, without regard to the tenant's admitted default under the prior lease, is also without merit. Although the petition was amended at trial on November 2, 2002 to include a claim for all arrears up to and including the date of trial, the landlord failed to establish that the tenant's failure to have paid the November 2002 rent by the date of trial constituted a default.

Finally, the Appellate Term correctly concluded that in light of the tenant's admitted default in paying rent due under the lease, the tenant was not entitled to an award of an attorney's fee even though the petition was dismissed (*see Ram I v Stuart,* 248 AD2d 255, 256 [1998]).

Motion by the appellant-respondent on an appeal and cross appeal from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts dated August 11, 2005, to strike the answering brief on the ground that it refers to matter dehors the record. By decision and order on motion dated February 9, 2007 [2007 NY Slip Op 62924(U)], this Court held the motion in abeyance and referred it to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is denied. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.