OPINION OF THE COURT
Per Curiam.
Order dated April 26, 2011, reversed, with $10 costs, motion denied, and petition reinstated.
This holdover summary proceeding, premised upon the stabilized tenant’s alleged nonprimary residence, is not ripe for summary dismissal. The limited record now before us raises several mixed questions of law and fact, including whether the (unaccepted) renewal lease offer transmitted by a “back office” employee of the landlord’s “large and complex” clerical operation was mistakenly or inadvertently mailed to tenant and, if so, the proper legal effect to be given to the landlord’s prompt follow-up letter purporting to withdraw the offer and its subsequent, timely service of a combined notice of nonrenewal and termination detailing the facts underlying its nonprimary residence claim (see generally Coleman v Dabrowski, 163 Misc 2d 763 [App Term, 1st Dept 1994]; but compare Herman v Meryn, NYLJ, July 29, 1994 at 21, col 1 [App Term, 1st Dept 1994] [lease renewal offer purposefully sent held binding upon landlord and “irrevocable for 60 days” (citing Rent Stabilization Code [9 NYCRR] § 2523.5 [a])]). While we have no occasion to determine the bona tides of these issues, we do note that the creation of a landlord-tenant relationship or, more precisely here, the renewal of a rent-stabilized lease “should not be reduced to a matter of gamesmanship, seduction and artifice” (Coleman v Dabrowski, 163 Misc 2d at 765) or be made to hinge on “gotcha” litigation tactics.
Lowe, III, EJ., Shulman and Torres, JJ., concur.