Related Broadway Development LLC, Petitioner-Landlord-Respondent, 
against
Stacey Malo, Respondent-Tenant-Appellant, -and- "John Doe" and/or "Jane Doe," Respondents.



Tenant, as limited by her briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated March 28, 2017, which granted landlord's motion for leave to renew an order (same court and Judge), dated January 13, 2017, which vacated a final judgment of possession entered pursuant to a stipulation of settlement, and, upon renewal, reinstated the judgment and warrant of eviction.




Per Curiam.
Order (Jack Stoller, J.), dated March 28, 2017, reversed, with $10 costs, landlord's renewed motion denied and the order, dated January 13, 2017, reinstated.
Landlord commenced this holdover proceeding, upon allegations that the rent-subsidized tenant advertised the apartment on AirBnB, and entered into at least fifteen short-term rentals at a rate of $350 per night, well in excess of the stabilized rent of $546 per month. The proceeding was settled on August 25, 2016, pursuant to a two-attorney, so-ordered stipulation, whereby tenant consented, inter alia, to entry of a final judgment of possession, with execution of the warrant of eviction stayed through December 31, 2016. However, on or about November 21, 2016, which was before the stipulated stay of eviction expired, landlord tendered to tenant a renewal lease commencing on April 1, 2017. Tenant executed this lease on December 12, 2016, opting for a two-year renewal term, and returned the lease to landlord with a check for the additional security deposit. Landlord and a witness then countersigned the lease on December 15, 2016, and delivered the fully executed lease to tenant.
In an order dated January 13, 2017, Civil Court vacated the final judgment and warrant of eviction on the ground that landlord's ratification of the lease renewal vitiated the final judgment and warrant. However, on landlord's motion for renewal, the court reinstated the judgment and warrant, concluding that landlord's tender and execution of the renewal lease was inadvertent, and that there was no intent on landlord's part to revive the tenancy or supersede the settlement stipulation. In reaching this conclusion, the Court relied upon newly submitted affidavits indicating that landlord's managing agent services over one-thousand affordable housing units in over twenty properties, and the renewal offer was mistakenly or inadvertently mailed because of a data entry failure in landlord's records.
We agree with tenant that the evidence submitted on renewal does not support the reinstatement of the final judgment and warrant of eviction. The issuance of the warrant of eviction pursuant to the parties' August 2016 stipulation annulled the landlord-tenant relationship [*2](see RPAPL 749[3]). Thus, when landlord subsequently offered a renewal lease to tenant, it was under no legal compulsion to do so, and landlord did not, in the renewal lease, reserve its rights under the final judgment (see Everett D. Jennings Apts. L.P. v Hinds, 12 Misc 3d 139[A], 2006 NY Slip Op 51335[U] [App Term, 2nd and 11th Jud Dists 2006]).
Moreover, the renewal lease was executed by both parties and delivered, and landlord accepted the additional security deposit required under the renewal lease. Under the common law, a binding written lease occurs upon execution by both parties and delivery of the lease (see 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506, 509-513 [1979]), a principle expressly recognized in the regulatory scheme for rent-stabilized apartments (see Rent Stabilization Code [9 NYCRR] § 2523.5[a]). In these circumstances, tenant's current right of possession flows from the binding renewal lease, and therefore, tenant cannot be dispossessed pursuant to the prior final judgment (see Matter of Stepping Stones Assoc. v Seymour, 48 AD3d 581 [2008], lv dismissed 10 NY3d 953 [2008]; Kew Gardens Asso. LLC v Camacho, 3 Misc 3d 135[A], 2004 NY Slip Op 50473[U] [App Term, 2nd and 11th Jud Dists 2004]).
The evidence submitted on renewal, to support landlord's contention that the renewal lease was tendered and executed by mistake, does not warrant a contrary result. As indicated, the renewal lease was binding and this binding lease may not be invalidated on the basis of landlord's unilateral mistake, where the mistake arose from landlord's own negligence in failing to note the prior stipulation and final judgment in its records (see Da Silva v Musso, 53 NY2d 543, 550—552 [1981]; P.K. Dev. v Elvem Dev. Corp., 226 AD2d 200, 201-202 [1996]; see generally 123 W. 15, LLC v Compton, 4 Misc 3d 138[A], 2004 NY Slip Op 50938[U] [App Term, 1st Dept 2004]). Coleman v Dabrowski, 163 Misc 2d 763 (App Term, 1st Dept 1994), which did not involve a renewal lease executed by both parties and delivered, is inapposite.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 14, 2018